# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIMON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC.; and DOES 1 thru 50, inclusive,<br><br>Defendants. | Case No. 1:18-cv-01689-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 23) |

## I. INTRODUCTION

On September 25, 2019, the parties filed a request seeking Court approval of their Stipulated Protective Order. (Doc. 23.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II. DISCUSSION

**A. The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain all of this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, does not identify the types of information eligible for protection in even the broadest of terms. (*See* Doc. 23 at 4 (describing materials to be protected only as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).").)

The protective order also fails to identify the parties' need for protection in anything but the most general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.     The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order. The parties shall also submit the proposed stipulated protective order in Microsoft Word format to SKOorders@caed.uscourts.gov. *See* Local Rule 137(b).

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulated Protective Order (Doc. 23) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated: **September 30, 2019**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE