# **<u>EXHIBIT A</u>**

**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
support@davtyanlaw.com
5959 Topanga Canyon Blvd., Suite 130
Woodland Hills, California 91367
Telephone: (818) 875-2008
Fax: (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIMON, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>CIRCLE K STORES INC.; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b, et seq.;<br><br>2.  Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b, et seq.;<br><br>**DEMAND FOR A JURY TRIAL** |

1   Plaintiff ERNESTO LIMON ("Plaintiff"), on behalf of himself and all others
2   similarly situated, alleges on information and belief, except for his own acts and
3   knowledge, the following:

## I.

## INTRODUCTION

6   1.   Defendant CIRCLE K STORES INC. ("Defendant") is a Texas
7   Corporation and at all relevant times mentioned herein conducted and continues to
8   conduct substantial and regular business throughout California.

9   2.   Defendant owns and operates convenience stores and gas stations in the
10  United States.

11  3.   Plaintiff applied, was hired, and performed work for Defendant in
12  Modesto, California.

13  4.   Upon information and belief, during the application process, Plaintiff
14  filled out Defendant's standard "Fair Credit Reporting Act (FRCA) Consent" form
15  permitting Defendant to obtain a consumer report verifying Plaintiff's background
16  and experience.

17  5.   Plaintiff now brings this Class Action on behalf of himself and a
18  nationwide class, defined as:

19
20      "all persons in the United States who filled out Defendant's
        standard "Fair Credit Reporting Act (FCRA) Consent" form that
21      included an authorization and a liability release clause at any
        time during the period beginning five (5) years prior to the filing
22      of this Complaint to a date determined by the Court." (the
        "Proposed Class")
23

## II.

## JURISDICTION AND VENUE

26  6.   The Court has jurisdiction over Plaintiff's federal claims pursuant to 28
27  U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

28  7.   Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because

2

**CLASS ACTION COMPLAINT**

1 | Defendant is subject to personal jurisdiction in this district, maintains offices in this
2 | district, and the actions at issue took place in this district.

### III.

### THE PARTIES

A.   PLAINTIFF

8.   Plaintiff applied, was hired and performed work for Defendant in California from June 29, 2018 through July 31, 2018.

9.   During the application process with Defendant, upon information and belief, Plaintiff was required to fill out Defendant's standard "Fair Credit Reporting Act (FRCA) Consent" form ("disclosure and authorization form") permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

10.   Plaintiff singed the form on June 21, 2018.

11.   Plaintiff was confused by the standard disclosure and authorization form and did not understand that Defendant would be requesting "consumer reports" as defined in the FCRA.  Nonetheless, upon information and belief, Defendant then secured a consumer report regarding Plaintiff.

B.   DEFENDANT

12.   Defendant is a Texas Corporation.  At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring and employees such as Plaintiff.

13.   Defendant's entity address listed with the California Secretary of State is 1130 West Warner Road, Building B, Tempe, AZ 85284.

14.   Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

15.   With respect to the events at issue in this case, Defendant is liable for

**CLASS ACTION COMPLAINT**

1   the violations of law described in this Complaint.

2          16.    Plaintiff is informed and believes and thereon allege that each

3   Defendant acted in all respects pertinent to this action as the agent of the other

4   Defendant, and/or carried out a joint scheme, business plan or policy in all respects

5   pertinent hereto, and/or the acts of each Defendant are legally attributable to the

6   other Defendant.

7                                      **IV.**

8                           **NATURE OF THE ACTION**

9          17.    The FCRA provides individuals with a number of rights. Specifically,

10  pertaining to employment-related background checks referred to as "consumer

11  reports", the FCRA provides that a prospective employee must give valid consent

12  to the background check. The FCRA requires a signed authorization and disclosure

13  from the applicant, sometimes referred to as a "consent" form.

14         18.    The authorization and disclosure form must be executed and signed by

15  the applicant prior to an employer requesting or conducting a background check.

16  Importantly, no extraneous information can be attached or included on the consent

17  form. The authorization and disclosure must stand-alone.

18         19.    In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully

19  inserted extraneous provisions into its standard disclosure and authorization form

20  purporting to grant Defendant the authority to obtain and use consumer report

21  information for employment purposes for Plaintiff and all Proposed Class Members.

22  The FCRA prohibits this practice and requires that forms granting the authority to

23  access and use consumer report information for employment purposes be stand-alone

24  forms, and not include any additional information or agreements. Defendant's

25  decision to include extraneous information in its disclosure and authorization forms

26  is contrary to the plain language of the statute and unambiguous regulatory guidance

27  from the Federal Trade Commission ("FTC").

28         20.    In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained

**CLASS ACTION COMPLAINT**

consumer reports regarding Plaintiff and all Proposed Class Members without proper authorization because the authorization and disclosure forms failed to comply with the requirements of the FCRA.

21.    The inclusion of the liability waiver in Defendant's disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

22.    In addition, Defendant's failure to secure signed disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## V.

## FACTUAL ALLEGATIONS

23.    Plaintiff applied to work for Defendant in California.  In connection with application, Plaintiff was required to fill out Defendant's standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

24.    Plaintiff was confused by the standard disclosure and authorization form document and did not understand that Defendant would be requesting "consumer reports" as defined in the FCRA.

25.    Defendant's standard application form states: "I authorize, without reservation, any person or entity contacted by Circle K Stores Inc. or its agent(s) to furnish the above stated information, and I release any such person or entity from any liability for furnishing such information."

CLASS ACTION COMPLAINT

26.   Nonetheless, upon information and belief, Defendant then secured consumer reports regarding Plaintiff.  Thereafter, Defendant hired Plaintiff.

27.   Upon information and belief, Defendant required all applicants to complete the same standard disclosure and authorization form permitting Defendant to obtain consumer reports verifying the applicant's background and experience and containing a liability release.

28.   Thus, in addition to the authorization and disclosure to obtain consumer reports, Defendant's standard application form also contained a liability release provision.

29.   The inclusion of this extraneous information in Defendant's standard form permitting Defendant to obtain consumer reports verifying an applicant's background and experience violates the FCRA, 15 U.S.C. § 1681, *et seq*.

30.   Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)   a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)   the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) .

31.   Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information. Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

32.   This requirement is meant to prevent the consumer from being

6

1  distracted by other extraneous information side-by-side with this very important
2  disclosure. The disclosure shall not be diminished in importance by including
3  unrelated information. The disclosure must be clear and conspicuous,
4  understandable and noticeable.

5       33.   By including extraneous information in its standard disclosure and
6  authorization form permitting Defendant to obtain consumer reports, Defendant's
7  conduct is contrary to the plain language of the statute. Defendant willfully
8  disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§
9  1681b(b)(2)(A).

10       34.   Defendants' failure to provide a clear disclosure, in a document that
11  consists solely of the disclosure and authorization, deprived Plaintiff and others
12  similarly situated of the right to information and the right to privacy guaranteed by
13  15 U.S.C. section 1681b(n)(2)(A)(i)–(ii). Because Defendant unlawfully included
14  extraneous information in its standard form permitting Defendant to obtain
15  consumer reports verifying Plaintiff's background and experience, Plaintiff was
16  confused by the standard disclosure and authorization form document and did not
17  understand that Defendant would be requesting "consumer reports" as defined in the
18  FCRA.

19  ## VI.

20  ## THE CLASS

21       35.   Plaintiff brings the First and Second Causes of Action on behalf of
22  himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and
23  23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3)
24  for the prosecution of this action as a class action. Plaintiff seeks to represent a Class
25  composed of and defined as follows:

26                 "all persons in the United States who filled out Defendant's
27                 standard "Fair Credit Reporting Act (FCRA) Consent" form that
28                 included an authorization and a liability release clause at any

**CLASS ACTION COMPLAINT**

time during the period beginning five (5) years prior to the filing of this Complaint to a date determined by the Court." (the "Proposed Class")

36.    Plaintiffs reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

37.    Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of obtaining consumer reports without valid authorization to do so.

38.    Defendant uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) by unlawfully obtaining consumer reports without first obtaining valid signed authorization and disclosure forms.

39.    This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A.    Numerosity

40.    The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 5,000.

41.    Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B.    Commonality

42.    There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class.

These common questions of law and fact include, without limitation:

    a.  Whether Defendant required members of the Proposed Class to fill out a standard disclosure and authorization form permitting Defendant to obtain consumer reports;

    b.  Whether Defendant's standard disclosure and authorization form permitting Defendant to obtain consumer reports complies with 15 U.S.C. §1681, et seq.;

    c.  Whether Defendant violated 15 U.S.C. §1681, et seq. by including extraneous information in its standard disclosure and authorization form permitting Defendant to obtain consumer reports;

    d.  Whether Defendant violated 15 U.S.C. §1681, et seq. by failing to obtain signatures on its standard disclosure and authorization form;

    e.  Whether Defendant violated 15 U.S.C. §1681, et seq. by procuring consumer reports without valid authorization; and

    f.  Whether Defendant's violations of 15 U.S.C. §1681, et seq. were willful.

**C.**    <u>Typicality</u>

43.    The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

44.    Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's standard disclosure and authorization form permitting Defendant to obtain consumer reports during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

45.    Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief.

**D.**    <u>Adequacy of Representation</u>

46.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

9

1       47.    Counsel for Plaintiff are competent and experienced in litigating large

2   complex consumer and wage and hour class actions.

3       E.    <u>Predominance and Superiority of a Class Action</u>

4       48.    A class action is superior to other available means for fair and efficient

5   adjudication of this controversy. Individual joinder of all members of the Proposed

6   Class is not practicable, and questions of law and fact common to the Class

7   predominate over any questions affecting only individual members of the Proposed

8   Class.

9       49.    Class action treatment will allow those similarly situated persons to

10   litigate their claims in the manner that is most efficient and economical for the parties

11   and the judicial system. Plaintiff is unaware of any difficulties that are likely to be

12   encountered in the management of this action that would preclude its maintenance

13   as a class action.

14       50.    Class action treatment will allow a large number of similarly situated

15   employees to prosecute their common claims in a single forum, simultaneously,

16   efficiently, and without the unnecessary duplication of effort and expense that

17   numerous individual actions would require. Further, the monetary amounts due to

18   many individual class members are likely to be relatively small, and the burden and

19   expense of individual litigation would make it difficult or impossible for individual

20   members of the members of the Proposed Class to seek and obtain relief. Moreover,

21   a class action will serve an important public interest by permitting employees

22   harmed by Defendant's unlawful practices to effectively pursue recovery of the sums

23   owed to them.

24   ///

25   ///

26   ///

27   ///

28   ///

# VII.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE

## FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(I), *ET SEQ.*]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS

## AGAINST ALL DEFENDANTS)

51.   Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

52.   Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by including extraneous information in its standard disclosure and authorization form permitting it to obtain consumer reports verifying an applicant's background and experience that Defendant required Plaintiff and all other members of the Proposed Class to fill out as a condition of seeking employment with Defendant.

53.   The violations of the FCRA were willful. Defendant knew that its standard disclosure and authorization form permitting it to obtain a consumer report verifying an applicant's background and experience should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

54.   Plaintiff and all members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

55.   Plaintiff and all members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

56.   Plaintiff and all members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

# VIII.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION

## OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(II)]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS

## AGAINST ALL DEFENDANTS)

57.     Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

58.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and all other members of the Proposed Class without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

59.     The violations of the FCRA were willful. Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(ii).

60.     Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61.     Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

62.     Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.      On behalf of the Proposed Class:

12

A)   That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)   A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including extraneous information in its standard disclosure and authorization form permitting it to obtain consumer reports verifying an applicant's background and experience and by obtaining consumer reports on Plaintiff and all other members of the Proposed Class without having proper authorization to do so;

C)   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for Defendant's willful violation of the FCRA;

D)   Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class;

E)   An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

F)   Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

DATED: December 11, 2018            KINGSLEY & KINGSLEY, APC

By: _____
    Eric B. Kingsley
    Kelsey M. Szamet
    Attorneys for Plaintiff

13

# **<u>EXHIBIT B</u>**

1              UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF CALIFORNIA - FRESNO

3

4    ERNESTO LIMON, an individual,

     on behalf of himself and others

5    similarly situated,

6              Plaintiff,

7        vs.                      No. 1:18-CV-01689-LJO-SKO

8    CIRCLE K STORES, INC.; and

     DOES 1 thru 50, Inclusive,

9

               Defendants.

10

11   _____

12

13

14

15        VIDEOTAPED DEPOSITION of ERNESTO LIMON

16             LOS ANGELES, CALIFORNIA

17            TUESDAY, NOVEMBER 5, 2019

18                   VOLUME 1

19

20

21

22

23   Reported by

24   Daryl Baucum, RPR, CRR, RMR, CSR No. 10356

25   Job No. 3618593,  PAGES 1 - 119

                                             Page 1

```
 1                 UNITED STATES DISTRICT COURT

 2            EASTERN DISTRICT OF CALIFORNIA - FRESNO

 3

 4    ERNESTO LIMON, an individual,
      on behalf of himself and others
 5    similarly situated,

 6              Plaintiff,

 7        vs.                         No. 1:18-CV-01689-LJO-SKO

 8    CIRCLE K STORES, INC.; and
      DOES 1 thru 50, Inclusive,
 9
                Defendants.
10
11    _____

12

13

14

15          VIDEOTAPED DEPOSITION of ERNESTO LIMON,

16        at 2049 Century Park East, Suite 3200,

17        Los Angeles, California, beginning at

18        10:17 a.m., and ending at 1:57 p.m., on

19        Tuesday, November 5, 2019, before Daryl Baucum,

20        RPR, CRR, RMR, CSR No. 10356.

21

22

23

24

25

                                                 Page  2
```

```
 1    APPEARANCES OF COUNSEL:

 2

 3        FOR THE PLAINTIFF:

 4

 5            KINGSLEY & KINGSLEY

 6            BY:  DAVID KELEDJIAN, ATTORNEY AT LAW

 7            16133 Ventura Boulevard

 8            Suite 1200

 9            Encino, California  91436

10            818.990.8300

11

12

13        FOR THE DEFENDANTS:

14

15            ME DERMOTT WILL & EMERY

16            BY:  MARIA C. RODRIGUEZ, ATTORNEY AT LAW

17                 MARJORIE C. SOTO, ATTORNEY AT LAW

18            2049 Century Park East

19            Suite 3200

20            Los Angeles, California  90067

21            310.277.4110

22            MCRodriguez@MWE.com

23            MCSoto@MWE.com

24

25
```

Page 3

1    APPEARANCES OF COUNSEL (CONTINUED):

2

3

4        ALSO PRESENT:

5            MATTHEW HAUSLEY, Videographer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

```
 1                    I N D E X

 2

 3

 4    WITNESS:  ERNESTO LIMON

 5    EXAMINATION                                      PAGE

 6    BY:  MS. RODRIGUEZ                                  9

 7    BY:  MR. KELEDJIAN                                114

 8

 9

10

11    QUESTIONS WITNESS WAS INSTRUCTED NOT TO ANSWER:

12                       PAGE    LINE

13                        20       7

14                        21      18

15

16

17

18    INFORMATION TO BE SUPPLIED:

19                       (NONE)

20

21

22

23

24

25
```

Page 5

```
 1                  DEPOSITION EXHIBITS
 2                    ERNESTO LIMON
 3
 4     NUMBER           DESCRIPTION                    PAGE
 5     Exhibit 1        Resume of Ernesto Limon          19
 6     Exhibit 2        AutoZone Store Employment        64
                        Application
 7
       Exhibit 3        Progressive Fair Credit          76
 8                      Reporting Act Disclosure
                        and Authorization
 9
       Exhibit 4        Circle K Employment              84
10                      Application
11     Exhibit 5        Fair Credit Reporting Act        89
                        (FCRA) Consent
12
       Exhibit 6        GIS Employment Background        91
13                      Reporting
                        Case No.: 74495515
14
       Exhibit 7        Class Action Complaint           96
15
       Exhibit 8        Plaintiff Ernesto Limon's        97
16                      Responses to Defendant
                        Circle K Stores, Inc.'s
17                      Interrogatories, Set One
18
19
20
21
22
23
24
25

                                                 Page  6
```

```
1                    DEPOSITION EXHIBITS (continued)

2                          ERNESTO LIMON

3

4     NUMBER              DESCRIPTION                      PAGE

5     Exhibit 9           Plaintiff Ernesto Limon's          98

                          Responses to Defendant

6                         Circle K Stores, Inc.'s

                          Requests for Admissions,

7                         Set One

8     Exhibit 10          Plaintiff Ernesto Limon's          98

                          Responses to Defendant

9                         Circle K Stores, Inc.'s

                          Request for Production

10                        of Documents, Set One

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Veritext Legal Solutions
866 299-5127

```
 1              So we're going to go ahead and mark as        10:35:41

 2   Exhibit 1 the resume that you provided us in

 3   response to one of our questions.

 4              And this is Bates stamped Limon 073.

 5              (Deposition Exhibit 1 was marked for          10:36:09

 6              identification by the court reporter and

 7              is attached hereto.)

 8   BY MS. RODRIGUEZ:

 9       Q    Is this your resume, Mr. Limon?

10              MR. KELEDJIAN:  Objection; vague and          10:36:13

11   ambiguous as to time.

12   BY MS. RODRIGUEZ:

13       Q    Go ahead.

14       A    Yes.

15       Q    Is there a more updated version of this        10:36:20

16   resume today?

17       A    I'm not sure.

18       Q    Are you currently working?

19       A    No.

20       Q    Have you worked since Tudor, Club Z!            10:36:44

21   Tutoring?

22       A    Yes.

23       Q    What jobs have you had since then?

24       A    I worked for Amazon -- well, not directly

25   for Amazon, you know.  They're through an                10:36:59
```

Page 19

1    Q    How many jobs have you had?                          10:49:53

2    A    Quite a colorful work history.

3    Q    Yes.

4         And I have your files from some of those

5    other employers where you signed for background          10:50:06

6    checks, you received background check reports.

7         So you have filled out these forms on many

8    occasions, correct?

9         MR. KELEDJIAN:   Objection; leading and

10   calls for a legal conclusion.                             10:50:18

11        THE WITNESS:   More than once, yes.

12   BY MS. RODRIGUEZ:

13   Q    And you knew that when you signed the

14   forms in every instance that the company would pull

15   a background check on you before you could start          10:50:29

16   work, correct?

17        MR. KELEDJIAN:   Misstates prior testimony,

18   calls for a legal conclusion and leading.   It's also

19   argumentative.

20        THE WITNESS:   Can you repeat the question.          10:50:38

21        MS. RODRIGUEZ:   I will let the court

22   reporter do that, please.

23        (The previous question was read back

24        by the court reporter as follows:

25        "QUESTION:   And you knew that when                  10:50:43

Page  32

Veritext Legal Solutions
866 299-5127

1      you signed the forms in every instance          10:50:43

2      that the company would pull a background

3      check on you before you could start work,

4      correct?")

5      THE WITNESS:  Yes.                              10:50:59

6   BY MS. RODRIGUEZ:

7      Q    Thank you, sir.

8           Is there a reason that Circle K is not on

9   this resume?

10     A    Well, given, you know, the present -- my     10:51:23

11  present relationship with Circle K, I don't believe

12  that is something I should disclose.

13     Q    So you thought it was a better idea to

14  remove a job that you have had from the resume that

15  you present potential employers, correct?           10:51:53

16          MR. KELEDJIAN:  Misstates prior testimony

17  and grossly leading.

18          MS. RODRIGUEZ:  Grossly leading is a funny

19  objection.

20          MR. KELEDJIAN:  I like it.                   10:52:05

21  BY MS. RODRIGUEZ:

22     Q    Go ahead.  He is being creative.  He is

23  grossly trying to hint to you, sir, but I know you

24  are smart enough --

25          MR. KELEDJIAN:  Counsel, you are clearly     10:52:12

Page 33

```
 1              What is it that you don't want potential         10:53:41

 2    employers to know about your employment relationship

 3    with Circle K?

 4              MR. KELEDJIAN:  Misstates prior testimony.

 5              THE WITNESS:  Well, it's not exactly that         10:54:02

 6    I wouldn't want them to know.  I feel I have had

 7    certain jobs that are sort of irrelevant as far as

 8    my skill sets are concerned.

 9    BY MS. RODRIGUEZ:

10         Q    What is relevant about being a seafood           10:54:25

11    handler in the summer of 2016?

12         A    I believe, personally, that it shows that

13    I am willing to do dirty work and I'm not -- I don't

14    shy away from certain jobs.

15         Q    What is irrelevant about your job with           10:54:49

16    Circle K that caused you to leave it out of your

17    resume?

18         A    I suppose in the sense that I acquire any

19    new skill sets that I hadn't -- I didn't have

20    previously.                                                10:55:31

21         Q    What did you do for Circle K?

22         A    I was a customer service representative.

23         Q    What does that entail?

24         A    Various duties.

25         Q    Such as?                                         10:56:02
```

Page 35

```
 1     your dad, putting those aside, are there any jobs          11:32:14

 2     that you had that you did not include in your

 3     Club Z! employment application?

 4              MR. KELEDJIAN:  Misstates prior testimony.

 5              THE WITNESS:  That I recall, no.              11:32:30

 6     BY MS. RODRIGUEZ:

 7         Q    So if I subpoena Club Z! for your

 8     personnel file and get your job application, I will

 9     see these jobs on your resume on that Club Z! job

10     application, correct?                              11:32:45

11              MR. KELEDJIAN:  Calls for speculation.

12              THE WITNESS:  I suppose.

13     BY MS. RODRIGUEZ:

14         Q    Since your time at San Diego State

15     University, after school, what is the longest job     11:33:07

16     you have ever held?

17         A    Being a delivery driver for AutoZone.

18         Q    And how long were you a delivery driver

19     for AutoZone?

20         A    About ten months, it seems.  Yeah,          11:33:40

21     June 2017 to April 2018.

22         Q    And is it your testimony, sir, that

23     June -- I'm sorry -- June 2017 to April 2018 is an

24     accurate reflection of the time period you worked

25     for AutoZone?                                       11:33:59
```

                                                      Page 56

1        A    Yes.                                              11:34:03

2        Q    Would you like to work at a job longer

3   than ten months?

4        A    Absolutely.

5        Q    What has kept you from doing that?              11:34:14

6             MR. KELEDJIAN:   Objection on the basis of

7   privacy but you can answer.

8             THE WITNESS:   I still haven't, you know,

9   figured out my place in life and I don't really know

10  what it is I want to do, what I like, what I don't       11:34:50

11  like.  So up until now, I have given myself that

12  liberty to explore what is out there.

13  BY MS. RODRIGUEZ:

14       Q    Since your job ended last month at

15  AIG Logistics, what types of jobs have you applied       11:35:19

16  for?

17            Let me ask this.

18            Since your job at AIG Logistics ended in

19  October of 2019, have you applied to any jobs?

20       A    Can we take a break?                            11:35:53

21       Q    I would like an answer first.

22            Have you made an application to any job

23  since you ended your work at AIG Logistics in

24  October of 2019?

25            MR. KELEDJIAN:   You can answer the             11:36:18

                                                    Page 57

```
 1    ponder, to assume -- to assume a business --        11:52:02

 2    different, but very good.

 3           When I asked you the question since you

 4    signed your contract did you pass the background

 5    check for the U.S. Navy, do you -- what is your     11:52:27

 6    understanding of whether you passed the background

 7    check for the U.S. Navy?

 8       A    My understanding is I did pass it.  I mean

 9    if I was able to sign a contract and swear in.

10       Q    Very good.  Excellent.                      11:52:43

11           And when you authorized the U.S. Navy to

12    run a background check, you knew they were going to

13    run a background check, correct?

14           MR. KELEDJIAN:  Misstates prior testimony

15    and calls for a legal conclusion.                   11:52:57

16           THE WITNESS:  Yes.

17    BY MS. RODRIGUEZ:

18       Q    Let's talk about your job at AutoZone, ten

19    months, June 2017 to April 2018.

20           Did you fill out an application for that     11:53:13

21    job?

22       A    Yes.

23       Q    Did you sign an application when you

24    filled it out?

25       A    I don't -- I don't photographically        11:53:28
```

Page 63

1    remember submitting an electronic signature, but          11:53:42

2    yeah, like with all job applications, I signed.

3         Q    Very good.

4              And did you fill out the application

5    online for AutoZone?                                       11:53:50

6         A    Yes.

7         Q    I'm going to attach as Exhibit 2 a copy of

8    your employment application from AutoZone.

9              I will give you a minute to review it,

10   Mr. Limon.                                                 11:54:26

11             (Deposition Exhibit 2 was marked for

12             identification by the court reporter and

13             is attached hereto.)

14             MR. KELEDJIAN:   I have a standing

15   objection on Exhibit 2 in that is lacks                    11:54:35

16   foundation -- foundation and authentication.

17   BY MS. RODRIGUEZ:

18        Q    Ready?

19        A    Ready.

20        Q    We're going to talk about the application.      11:54:50

21   Let's start with page 1, Mr. Limon.

22             Is that your social -- you know what, we

23   need to black out the social.   I apologize.

24             Let me take the court reporter's version.

25             Mr. Limon, I'm going to represent to you        11:55:06

Page  64

1    on the record right now that I am going to black out                   11:55:08

2    on the court reporter's copy the social security

3    number so that it's not in the record.

4              MR. KELEDJIAN:   Can you give me second to

5    go through this exhibit and make sure it doesn't                       11:55:22

6    appear anywhere else.

7              MS. RODRIGUEZ:   Sure, my pleasure.

8              Are you ready?

9              MR. KELEDJIAN:   Yeah.

10   BY MS. RODRIGUEZ:                                                       11:56:12

11       Q    Mr. Limon, is that your social security

12   number on the AutoZone application?

13       A    Yes.

14       Q    Is this your address on the AutoZone

15   application?                                                           11:56:26

16       A    Yes.

17       Q    Is that your E-mail address on the

18   AutoZone application?

19       A    Yes.

20       Q    Is that your telephone number on the                         11:56:35

21   AutoZone application?

22       A    Yes.

23       Q    Did you create this application on June 4,

24   2017?

25              MR. KELEDJIAN:   I will also have a                         11:56:47

Veritext Legal Solutions
866 299-5127

1   standing objection as to Exhibit 2 as to                    11:56:49

2   mischaracterizing the document as an AutoZone

3   application.

4           You can answer.

5           THE WITNESS:   I mean I don't know when the          11:56:56

6   date was but if that's what -- if this is, you know,

7   an official, legitimate document, and that's what it

8   says, then yes.

9   BY MS. RODRIGUEZ:

10      Q    You filled out of this information online          11:57:09

11  for AutoZone in connection to a job application,

12  correct?

13      A    Yes.

14      Q    In other words, this is a printout of an

15  online application, correct?                                 11:57:25

16      A    Looks like it.

17      Q    You have had a chance to review this

18  application, correct?

19      A    I skimmed through it.  I certainly did not

20  read it thoroughly.                                          11:57:47

21      Q    I would like you to read the first two and

22  a half pages. Let me show you what I am looking at.

23          No, go ahead.  Just look here.  Look at

24  me.  Sorry.  Page 1, 2, and do you see on page 3

25  before above "Consent to Receive"?                           11:57:59

Page 66

```
 1    BY MS. RODRIGUEZ:                                    12:07:09

 2         Q    And is it your understanding that when you

 3    provide an E-signature, it has the same effect as

 4    signing with a pen?

 5              MR. KELEDJIAN:  Calls for a legal           12:07:17

 6    conclusion.

 7              THE WITNESS:  Yes.

 8    BY MS. RODRIGUEZ:

 9         Q    If you could turn to page 5, did you have

10    a background check run in connection with your job   12:07:43

11    application for AutoZone, Mr. Limon?

12              MR. KELEDJIAN:  I'm sorry, Counsel, are

13    you referring to page 5 of the exhibit?

14              MS. RODRIGUEZ:  I'm asking a question.

15              THE WITNESS:  I suppose I did.  It's a      12:07:55

16    standard process for getting hired.

17    BY MS. RODRIGUEZ:

18         Q    And when you provided your e signature at

19    the end of this AutoZone employment application, did

20    you understand that you were applying for a job with  12:08:12

21    AutoZone?

22              MR. KELEDJIAN:  Misstates prior testimony,

23    also, mischaracterizes the document.

24              THE WITNESS:  Yes.

25
```

                                                        Page 73

1    BY MS. RODRIGUEZ:                                          12:08:24

2          Q    And did you understand when you completed

3    this AutoZone job application that we have just gone

4    through that a background check was going to be run?

5              MR. KELEDJIAN:   Again, mischaracterizes        12:08:38

6    the document, misstates prior testimony.

7              THE WITNESS:   Yes.

8              MS. RODRIGUEZ:   Thank you, sir.

9              Administrative detail, the videographer

10   told me we only had a certain amount on this tape.        12:08:51

11             THE VIDEOGRAPHER:   I started a fresh one

12   at the last break.

13             MS. RODRIGUEZ:   I also want to be

14   cognizant of lunchtime.  I will have to break,

15   folks, at some point.  So we can keep going for a         12:09:05

16   bit and then revisit if you are okay.

17             THE WITNESS:   Okay.

18             MS. RODRIGUEZ:   If you are getting hungry,

19   just let us know.  It's not a marathon.

20             MR. KELEDJIAN:   Just let us know.              12:09:18

21             THE WITNESS:   So you guys are saying it'll

22   be my call?

23             MS. RODRIGUEZ:   We don't want you to be

24   hungry for this process.  We want you to

25   comfortable.                                              12:09:26

                                                     Page 74

```
 1              THE WITNESS:  We can keep going for now.        12:09:28

 2    I will let you guys know.

 3    BY MS. RODRIGUEZ:

 4         Q    Very good.  Back to your resume.

 5              So looking now at the next job down,           12:09:50

 6    Freeway Insurance.

 7         A    Yes.

 8         Q    Did you fill out a job application to get

 9    a job at Freeway Insurance?

10         A    Yes.                                           12:10:02

11         Q    And does Freeway, does it also go by

12    "Progressive"?

13              MR. KELEDJIAN:  Calls for a legal

14    conclusion.

15              MS. RODRIGUEZ:  And if you know.              12:10:08

16              THE WITNESS:  I'm not sure.  I know it's

17    an insurance brokerage.

18    BY MS. RODRIGUEZ:

19         Q    And when you filled out an application for

20    Freeway Insurance, did you also have a background       12:10:23

21    check run for Freeway Insurance?

22              MR. KELEDJIAN:  Misstates prior testimony,

23    calls for a legal conclusion.

24              THE WITNESS:  I suppose they ran one.

25
```

Page 75

1          MS. RODRIGUEZ:   So I'll go ahead and          12:10:50

2   attach as Exhibit 3, and it's Bates stamped at the

3   bottom Freeway 32, Freeway 33.

4          (Deposition Exhibit 3 was marked for

5          identification by the court reporter and          12:11:01

6          is attached hereto.)

7   BY MS. RODRIGUEZ:

8      Q    And this is the background check,

9   disclosure and authorization form that was produced

10  by Freeway in connection to our subpoena.          12:11:10

11         I will give you a minute to look at that,

12  Mr. Limon.

13         MR. KELEDJIAN:   Standing objection to

14  Exhibit 3 on the basis that it lacks foundation and

15  authentication.   Also, standing objection that it          12:11:22

16  mischaracterizes the document as identified by

17  Counsel.

18  BY MS. RODRIGUEZ:

19     Q    Have you had a chance to look at that,

20  Mr. Limon?          12:11:41

21     A    Yes.

22     Q    Is that your signature on page 2 of

23  Exhibit 3?

24     A    Yes.

25     Q    And did you fill out this information          12:11:57

Page 76

1    about your name and date and residence address and          12:11:58

2    phone number on page 2 of Exhibit 3 above your

3    signature?

4        A    Yes.

5        Q    And that these three boxes at the bottom            12:12:14

6    where it says the locations, basically where you

7    have lived, worked and attended schools, is that

8    your handwriting where it says San Diego,

9    California; Modesto, California, in each of those

10   three boxes, Mr. Limon?                                      12:12:27

11       A    Yes.

12       Q    And on page 1 of the form where your name

13   is printed, is that your handwriting, Mr. Limon?

14       A    Yes.

15       Q    Going back to your resume, Mr. Limon, next          12:12:51

16   job down was being a seafood handler at 99 Ranch

17   Market.

18            Did you fill out a job application in

19   order to get that job?

20       A    Yes, I am sure I did.                               12:13:06

21       Q    And did they also run a background check

22   in connection with that job application for 99 Ranch

23   Market?

24       A    That, I don't know.

25       Q    Let's look at your job as a custodian at           12:13:19

1   San Diego State University, Office of Housing                12:13:23

2   Administration.

3          So you were actually working in the dorms,

4   it sounds like, where people live?

5      A   Uh-huh.                                               12:13:32

6      Q   And did you make an application in order

7   to get that job?

8      A   Yes.

9      Q   And did SDSU also run a background check

10  in connection with that job application?           12:13:41

11     A   That, I do not know.

12     Q   Let's look at Piggyback -- I'm sorry?

13     A   Sure.  They probably did, you know, but I

14  don't know.

15     Q   Are you assuming that because of the          12:13:57

16  nature of the job that you were working in, people's

17  private spaces, that they probably wanted to do a

18  background check?

19         MR. KELEDJIAN:   Objection --

20  BY MS. RODRIGUEZ:                                   12:14:08

21     Q   So how do you arrive at that answer?

22     A   Well, it's an educational institution.  So

23  I figured they would run a background check.

24     Q   What are your thoughts, Mr. Limon, about

25  why employers run background checks?                12:14:25

Page 78

```
 1              MR. KELEDJIAN:  Calls for a narrative,      12:14:29

 2    calls for speculation.

 3    BY MS. RODRIGUEZ:

 4         Q    I don't want you to speculate.  You can

 5    ponder and meditate on this, of course.              12:14:37

 6              MR. KELEDJIAN:  Can we respond?

 7              MS. RODRIGUEZ:  But I think you can --

 8    excuse me.  Thank you.  I have got this.

 9              Do you have an objection?

10              MR. KELEDJIAN:  Yeah, I do.                 12:14:45

11              MS. RODRIGUEZ:  State it.

12              MR. KELEDJIAN:  You are cutting him off.

13    He was about to respond.  You are cutting him off.

14              MS. RODRIGUEZ:  Thank you very much for

15    your objection.                                      12:14:51

16              MR. KELEDJIAN:  Great.

17    BY MS. RODRIGUEZ:

18         Q    I want to hear from you, Mr. Limon.

19         A    Like I stated before, I assume it has to

20    do with criminal record, yeah.                       12:14:59

21         Q    And why would a potential employer want a

22    criminal record?

23              MR. KELEDJIAN:  Calls for speculation.

24              THE WITNESS:  They might not want to hire

25    a criminal.                                          12:15:14
```

Page 79

1     BY MS. RODRIGUEZ:                                         12:15:14

2          Q     Makes sense, doesn't it?

3          A     Yeah.

4          Q     And why would an employer check a

5     reference?                                                12:15:24

6                MR. KELEDJIAN:   Calls for speculation.

7                THE WITNESS:   To check for honesty.

8     BY MS. RODRIGUEZ:

9          Q     Thank you, Mr. Limon, and I appreciate

10    your honesty today.   Thank you.                          12:15:38

11               Let's talk about your next job, Piggyback,

12    Inc., where you worked as a courier.

13               Did you fill out a job application for

14    that job?

15         A     Yes.                                            12:15:51

16         Q     And did Piggyback, Inc., run a background

17    check in connection with your job application for

18    that job?

19         A     I don't know what they did but I will

20    assume that they did.                                     12:16:03

21         Q     How about Pathways?   When you were a

22    tutor, did you fill out a job application for

23    Pathways?

24         A     Yes.

25         Q     At Pathways, you were working with         12:16:17

Page 80

```
 1      children; is that right, young kids tutoring?          12:16:20

 2           A    Yes.

 3           Q    Did Pathways run a background check in

 4      connection with your job application to be a tutor?

 5           A    I suppose they did.                           12:16:32

 6           Q    Did you have any objection -- since you

 7      suppose they did, would you have had any objection

 8      to Pathways running a background check on you in

 9      connection with your job to be a tutor?

10           A    No.                                           12:16:51

11           Q    And you said you suppose Piggyback did.

12                Would you have had any objection with

13      Piggyback, Inc. running a background check in

14      connection with your job there?

15           A    No.                                           12:17:09

16           Q    Would you have had any objection to SDSU

17      running a background check in connection with your

18      job in the student dorms?

19           A    No.

20           Q    Did you have any objection -- would you      12:17:23

21      have had any objection to 99 Ranch Market running a

22      background check in connection with your job there?

23           A    No.

24           Q    Did you have any objection -- I mean you

25      signed the form, but did you -- looking back, do you  12:17:39
```

                                                       Page 81

```
 1    BY MS. RODRIGUEZ:                                    12:19:35

 2        Q    And looking back on that, would you have

 3    any objection now that they ran the background check

 4    in connection with your job application to AIG?

 5             MR. KELEDJIAN:  Misstates prior testimony.   12:19:45

 6             THE WITNESS:  No.

 7             MS. RODRIGUEZ:  Let's move on.  We're on

 8    Exhibit 4.

 9             So we will mark as Exhibit 4 the printout

10    of your online application for Circle K, Mr. Limon.   12:20:08

11             (Deposition Exhibit 4 was marked for

12             identification by the court reporter and

13             is attached hereto.)

14             MR. KELEDJIAN:  I'm sorry.  May I take

15    another restroom break.                              12:20:21

16             MS. RODRIGUEZ:  Sure, yes.

17             THE VIDEOGRAPHER:  Time is 12:20.  We're

18    going off the record.

19             (Off the record.)

20             THE VIDEOGRAPHER:  Time is 12:24 p.m.        12:24:36

21    We're back on the record.

22    BY MS. RODRIGUEZ:

23        Q    Mr. Limon, Exhibit 4 is the printout of

24    your employment application with Circle K.  I'm

25    going to give you time to look through that, if you   12:24:51
```

                                                    Page 84

```
 1    don't mind.                                          12:24:55

 2            MR. KELEDJIAN:   For the record, it's Bates

 3    numbered Limon 12 to 17.

 4            MS. RODRIGUEZ:   Indeed.

 5            THE WITNESS:   Yes, I looked at it.           12:25:41

 6    BY MS. RODRIGUEZ:

 7        Q     Great.

 8            Is that -- is there anything on this form

 9    that is incorrect?

10        A     Not to my knowledge, no.                   12:25:58

11        Q     And it looks here like on page 3, I am

12    looking at your employment history.

13            And it looks like you listed all of the

14    jobs that you listed on your resume prior to working

15    for Circle K; is that correct?                       12:26:19

16        A     Well, looks like the service clerk job, my

17    first.

18        Q     Got dropped off.

19        A     Yeah, they only allowed for a certain

20    number of previous jobs.                             12:26:54

21        Q     Fair.

22        A     So they dropped off at a certain point.

23        Q     Fair.  Got it.  Very good.

24            And going to page 2 of the application --

25    let me ask you this question before that.  Strike    12:27:03
```

Page 85

```
 1    that.                                                      12:27:06

 2              Same question I have asked you with all

 3    the other job applications, did you sign this

 4    electronically after you filled it out?

 5         A    I will say it again.  I don't have a            12:27:22

 6    photographic memory of doing it, but yes, I believe

 7    I electronically signed it.

 8         Q    Good.

 9              And did you fill this out -- this Circle K

10    application out or did somebody fill it out for you?    12:27:33

11         A    I did it.

12         Q    On page 2 -- if you will turn to page 2,

13    the third question down,

14              "Would you be willing to submit to a

15              background check prior to being hired."         12:27:45

16              What did you mark?

17         A    Where is that, exactly?

18         Q    The third question on the second page.

19         A    Yes.

20         Q    Did you see that?                               12:27:59

21         A    I checked "yes."

22         Q    I'm sorry, what is your answer?

23         A    Yes.

24         Q    You checked "yes"?

25         A    Yes.                                            12:28:04
```

Page 86

1        Q       And when you checked "yes," you knew that        12:28:05

2    you were letting Circle K know that you would be

3    willing to submit to a background check prior to

4    being hired, correct?

5        A       Sure.                                            12:28:17

6        Q       Is that "yes"?

7        A       Yes.

8        Q       If you would be kind enough, Mr. Limon, to

9    turn to page 6 of the Circle K job application.

10           MR. KELEDJIAN:   Bates 15?                           12:28:54

11           MS. RODRIGUEZ:   17, Limon 17.

12   BY MS. RODRIGUEZ:

13       Q       And I'm looking at the last page,

14   Mr. Limon, that says "Signature."

15           And it says -- there is like a box and            12:29:05

16   then it says, "I, Ernesto Limon."

17           Do you see that?

18       A       Yes.

19       Q       Did you check that box?

20       A       It shows that I did.                            12:29:17

21       Q       And did you type in your name there?

22       A       It shows that I did.

23       Q       And is that the date that you input

24   June 21, 2018?

25       A       That's what it shows.                           12:29:30

Page 87

1       Q       And is that accurate, as far as you know?           12:29:34

2       A       As far as I know, yes.

3       Q       Great.

4               And did you understand the words beneath

5       your signature -- your E-signature, and essentially      12:29:44

6       it reads,

7               "I, Ernesto Limon, acknowledge my

8               understanding of the above, and give my

9               consent to the release of alcohol and drug

10              testing results.  I agree to the Terms and       12:29:59

11              Conditions as stipulated above.  I confirm

12              that checking this box serves as my

13              electronic signature of this application

14              and my agreement to its use in such

15              manner."                                          12:30:14

16              Did you understand that when you checked

17      the box and signed the form?

18          A   I understood, yeah, this is an agreement

19      to a drug screening, right.  I agreed to a drug

20      screen.                                                   12:30:33

21          Q   Right.

22              And it also says,

23              "I confirm that checking this box serves

24              as my electronic signature of this

25              application."                                     12:30:41

Veritext Legal Solutions
866 299-5127

1                    Do you understand that, what I just          12:30:42

2    said -- what I read.

3                    MR. KELEDJIAN:   Asked and answered.

4                    THE WITNESS:   Yes.

5    BY MS. RODRIGUEZ:                                            12:30:47

6         Q    Very good.

7                    I'm going to attach as Exhibit 5, a

8    printout of the background check consent form marked

9    Limon 18 Bates stamp, and it's a single-page

10   document.                                                   12:31:16

11                   (Deposition Exhibit 5 was marked for

12                   identification by the court reporter and

13                   is attached hereto.)

14   BY MS. RODRIGUEZ:

15        Q    Mr. Limon, same question.                         12:31:19

16                   Do you see at the bottom where it says

17   "signature" and then there is a box?

18                   Did you check that box?

19        A    It shows that I did.

20        Q    And is it -- do you have any objection to         12:31:28

21   that?

22                   You filled this form out, yes?

23        A    Yes.

24        Q    And it reads,

25                   "I, Ernesto Limon, on June 21, 2018,        12:31:40

                                                        Page 89

1    confirmed that checking this box serves as          12:31:43

2    my electronic signature of this

3    agreement" -- well -- "and my agreement to

4    its use in such manner."

5         So question is this, Mr. Limon, did you        12:31:54

6    realize then that that was your electronic

7    signature?

8         MR. KELEDJIAN:  I will object to that on

9    the basis it was probably inadvertently misread.

10        With that said, you can answer.                 12:32:05

11        THE WITNESS:  Yes, I understand that

12    that's my signature.

13   BY MS. RODRIGUEZ:

14      Q    Great.

15        Let's look now above.  There is your name       12:32:14

16   and your address is typed in in that middle section.

17        Do you see that, Mr. Limon?

18      A    Yes.

19      Q    Is that your correct address?

20      A    Yes.                                          12:32:32

21      Q    And did you type your name and address

22   into those lines there?

23      A    It's showing that I did.

24      Q    And then if you look at the bottom of that

25   same sort of white box at the bottom of that box, it   12:32:41

Page 90

Veritext Legal Solutions
866 299-5127

1    says,                                                        12:32:43

2          "Copy: If you are applying for a job in or

3          live in California, Minnesota, or Oklahoma

4          you may request a copy of the report by

5          checking this box."                                   12:32:52

6          And the box is checked.

7          Did you check that box, Mr. Limon?

8      A   It shows that I did.

9      Q   And did you receive a background check

10   from Circle K?                                              12:33:10

11     A   I believe I did.

12     Q   I believe you did, too.  Let's mark it as

13   Exhibit 6.

14          (Deposition Exhibit 6 was marked for

15          identification by the court reporter and            12:33:17

16          is attached hereto.)

17          MS. RODRIGUEZ:  It is a seven-page

18   document.  The last document is blank and I will

19   just represent for the written record that it is a

20   printout of photographs of the background check.           12:33:41

21          MR. KELEDJIAN:  A standing objection as to

22   Exhibit 6 that it lacks foundation and

23   authentication.

24   BY MS. RODRIGUEZ:

25     Q   Mr. Limon, page 1, it's dated June 28,               12:33:51

1      2018, and it has your name and address.                    12:33:57

2              Is that your correct address?

3      A     Yes.

4      Q     And did you receive this background check

5      form from Circle K?                                        12:34:06

6              MR. KELEDJIAN:  Mischaracterizes the

7      document.

8              THE WITNESS:  Yes.

9      BY MS. RODRIGUEZ:

10     Q     And when you received this background from          12:34:14

11     Circle K, you knew it was your background check

12     report, correct?

13             MR. KELEDJIAN:  Same objection.

14             THE WITNESS:  Yes.

15     BY MS. RODRIGUEZ:                                          12:34:25

16     Q     And did -- as you -- strike that.

17             Was there anything in this report -- is

18     there anything in this report about your background

19     that is inaccurate?

20             MR. KELEDJIAN:  I will have a standing             12:34:52

21     objection as to Exhibit 6 as it's mischaracterized

22     as a background check.

23     BY MS. RODRIGUEZ:

24     Q     Let's turn to page 5.  It says "Background

25     Report."                                                   12:35:02

Page 92

```
 1    STATE OF _____)
                                              )   Ss.
 2    COUNTY OF _____)

 3

 4            I, DARYL BAUCUM, a Certified Shorthand

 5    Reporter of the State of California, do hereby

 6    certify;

 7            That the foregoing proceedings were taken

 8    before me at the time and place herein set forth,

 9    at which time the witness named in the foregoing

10    proceeding was placed under oath; that a record

11    of the proceedings was made by me using machine

12    shorthand which was thereafter transcribed under my

13    direction; and that the foregoing pages contain a

14    full, true and accurate record of all proceedings

15    and testimony to the best of my skill and ability.

16            I further certify that I am neither

17    financially interested in the outcome nor a relative

18    or employee of any attorney or any party to this

19    action.

20            IN WITNESS WHEREOF, I have subscribed my

21    name this 7th day of November 2019.

22

23

24            _____

25            DARYL BAUCUM, CSR No. 10356
```

Page 119

Federal Rules of Civil Procedure

Rule 30


(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.



DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

# **<u>EXHIBIT C</u>**

**Ernesto Limon**

Modesto, CA 

email:

## Education
San Diego State University
Major – Biochemistry
GPA – 3.01

Thomas Downey High School, Modesto
High School Diploma, May 2012
GPA - 3.77

## Work Experience
Tutor, Club Z! Tutoring, Feb - June 2019
- Tutored students in-home
- Served as a mentor

Feeder, Pinnacle Solutions, 2018 – 2019
- Dispensed large amounts of paper into printing press
- Served as apprentice for the press runners
- Other miscellaneous duties such as organizing materials, and maintaining a clean and safe work environment

Commercial Driver, AutoZone, June 2017- April 2018
- Delivered auto parts to local shops

Insurance broker, Freeway Insurance, Feb - May 2017
- Brokered automobile policies

Seafood handler, 99 Ranch Market, Summer 2016
- Killed, cleaned, and gutted fish to customers' orders

Custodian, SDSU Office of Housing Administration, Summer 2015
- Responsible for cleaning student dorms

Courier, Piggyback Inc., Spring 2015
- Delivered packages for Amazon Prime

Tutor, Pathways, 2013-2014, San Diego, CA
- Tutored students in a classroom setting

Service Clerk, Cost Less Food Market, 2011-2012, Modesto, CA
- Responsible for stocking and maintaining inventory
- Provide customer services
- Responsible for maintaining a clean environment



EXHIBIT
1
LIMON

## Achievements
- Active member of BTSA (Biomedical Technology Students Association), SDSU Fall 2016
- Active member of APPS (Association of Pre-Pharmacy Students), SDSU, Spring 2015
- Navy ROTC Scholarship Recipient, March 2012
- Acceptance into the San Diego State University Honors Program, March 2012
- Acceptance into San Diego State University, December 2011

## Skills
- Understanding of automotive service management
- Experience in biology and chemistry lab settings
- Proficient with Microsoft Word, PowerPoint, some Excel, and Internet
- Proficient in Spanish
- Responsible, dependable, and organized
- Cooperative, team player, and friendly
- Excellent communication and leadership skills

## References

Cesar Barbosa, former supervisor, AutoZone

Ramiro Rodriguez, acquaintance/ former co-worker, Cost Less Food Market

Shawn Schonian, long-time friend/ insurance agent, State Farm

## I. PERSONAL INFORMATION

| Full Legal Name | Mr Ernesto Limon | Date Created | 06/04/2017 |
|---|---|---|---|
| Social Security Number | ███ | Date of Birth | ██ 1994 |
| Mother's Maiden Name | | Source (how did you find us?) , Subsource | Other (specify below) , |
| Primary Phone | ███ | Alternate Phone | |
| Address | ███ | Email Address | ███ |
| City | Modesto | State | CA |
| Zip code | ███ | | |

## II. PREFERENCES

| Position applying for | Store AutoZoner | Desired Start Date | 06/05/2017 |
|---|---|---|---|
| Are you willing to travel? | NO | If so, how often? | |
| Regular or Temporary | Either | Full or Part-Time | Either |
| Desired Work Days | MON,  TUES, WED, THURS, FRI, SAT, SUN | Desired Shifts | Any |
| Minimum Pay | 0 | Per | |
| Desired Hours Per Week | 0 | | |

## III. APPLICANT QUESTIONAIRE

**1.** Please select the type of position you are MOST interested in (Choose one only)

| |
|---|
| Commercial Sales / Driver |

**2.** Have you reached your 18th birthday?

Note:  You must be at least 18 years old to be considered for employment at AutoZone.

| |
|---|
| Yes |

**3.** Have you ever been terminated or asked to resign from a position for any reason?

| |
|---|
| Yes |

**4.** Please explain any "Yes" answer so that individual circumstances can be considered

| |
|---|
| I wasn't meeting quota on my previous job so I was terminated |

**5.** Are you willing to work overtime?

| |
|---|
| Yes |

**6.** Are you willing to drive a company vehicle?

| |
|---|
| Yes |

**7.** AutoZone has specific requirements for anyone who drives a company vehicle. The following questions are related to those requirements. Are you at least 21 years of age and do you have a valid driver's license?

| |
|---|
| Yes |

**8.** Have you served in the US Military (including the Guard or Reservists)?

| |
|---|
| No |

**9.** Do you hold a certification with Automotive Service Excellence (ASE)?

| |
|---|
| No |

**10.** Do you have any previous work experience?

| |
|---|
| Yes |



EXHIBIT
2
LIMON

PENGAD 800-631-6989

0001

**11.** Please indicate your previous experience in management

| None |
|------|

**12.** Please indicate your previous retail experience

| 1 - 2 years |
|-------------|

**13.** Please indicate your previous experience with commercial accounts

| None |
|------|

**14.** Please indicate your previous automotive experience

| None |
|------|

**15.** Please rate your level of expertise and knowledge of automotive parts on a scale of 1 - 10:

| 1 = NOVICE.  No previous experience or familiarity with auto systems. |
|-----------------------------------------------------------------------|

**16.** In a few short sentences, please tell us why you would be qualified for this position. This is a limited text box and you can not exceed 3000 characters. Responses exceeding the maximum amount of characters will receive an error message, requiring an abbreviated response.

| I believe I am qualified for this position because I am an intelligent and competent individual, capable of performing the basic duties of any entry-level job. Aside from that I am also a close observer and a quick learner, not to mention driven. |
|---|

**17.** Are You a Former Employee?

| No |
|----|

**IV. EDUCATION AND WORK EXPERIENCE (only populate sections that are provided by the applicant)**
**EMPLOYMENT HISTORY (Required)**

| Most Recent Employer | Freeway Insurance |
|----------------------|-------------------|
| Posting Title | Broker/Producer |
| Period | From 02/27/2017 To 05/22/2017 |
| | |
| | |
| Current Employer | N |
| City, Country | Modesto, USA |
| Contact No. | 707/301-8688 |
| Contact Name | Matthew Simmons |

**Highest Level of Education:**  D-Some College

**POST SECONDARY EDUCATION (Required for education above High School Diploma)**

| Country: | USA | | |
|----------|-----|--------|--|
| State: | CA | Other: | |
| School: | San Diego State Univ | Other: | |
| Major: | Chemistry | Other: | |
| Degree: | Bachelors Degree | Average Grade: | 3.01 |
| Graduated: | N | Date Issued: | |

**LICENSE or CERTIFICATES (Optional)**

| License/Certificate | Other-Lic/Cert Not Listed | Other: | Liability Insurance |
|---------------------|---------------------------|--------|---------------------|
| License/ Certification Number | 0L72968 | Issued by: | CA Department of Insurance |
| Date Issued: | 02-MAY-17 | | |

**LANGUAGES (Optional)**

| Language: | English | Speaking Proficiency: | High |
|-----------|---------|------------------------|------|
| Reading Proficiency: | High | Writing Proficiency: | High |

| Language: | Spanish | Speaking Proficiency: | High |
|---|---|---|---|
| Reading Proficiency: | High | Writing Proficiency: | High |

**REFERENCES (Minimum of 2 Required)**

| Reference Type | Personal | Reference Name | Pedro Sandoval |
|---|---|---|---|
| Title: | Paint and body pro | Employer: | |
| Telephone: | ███████ | Country: | USA |
| Address1: | | Address2: | |
| City: | | State: | |
| Postal: | | | |
| Reference Type | Personal | Reference Name | Noel Banuelos |
| Title: | Insurance Agent | Employer: | Allstate |
| Telephone: | ███████ | Country: | USA |
| Address1: | | Address2: | |
| City: | | State: | |
| Postal: | | | |

**DRIVER'S LICENSE VERIFICATION (Required)**

| Driver's License # | F1844966 | State Issued | CA |
|---|---|---|---|
| Type of License | A State Driver's License | Class (if applicable) | NA |
| CDL Endorsements (if applicable) | NA | Other | NA |
| First Name as it appears | Ernesto | Middle name or Initial as it appears | |
| Last Name as it appears | Limon | Expiration Date | 05/28/2020 |

## CONSENT TO RECEIVE, REVIEW, ACCESS, SIGN, &AUTHENTICATE CERTAIN DOCUMENTS, FORMS,LETTERS, & OTHER INFORMATION ELECTRONICALLY ("E-Signature Consent")

By checking the box and clicking the "I Agree" button below, you are agreeing to electronically access, receive, review, sign, and authenticate certain documents, forms, and/or letters ("Materials") covered by the federal Electronic Signatures in Global and National Commerce Act ("E-SIGN"), various state electronic transactions acts ("ETAs"), and/or the separate state laws of Illinois, New York, and Washington, including but not limited to the following Materials:

a. Disclosure & Authorization form(s);

b. New York Article 23-A;

c. Pre-Adverse Action letter;

d. Summary of Rights under the federal Fair Credit Reporting Act;

e. Summary of Rights under applicable state law;

f. A copy of your background check/report;

g. Adverse Action letter;

h. Any other background check communication or disclosure;

i. Offer letter;

j. I-9 form; and/or

k. Any other employment-related documents (e.g., wage statements, commission plans, etc.).

This E-Signature Consent applies to all Materials, both current and future, related to your employment with AutoZone, Inc. and/or its subsidiaries, affiliates, other related entities, successors, and/or assigns, including but not limited to AutoZoners, LLC and AutoAnything, Inc. (hereinafter, as applicable, AutoZone).

By checking the box and clicking the "I Agree" button below, you are agreeing that your electronic signature is the equivalent of your handwritten (or wet) signature, with all the same legal and binding effect. In certain cases throughout your employment, you may be asked to click buttons labeled "I Agree," "I Acknowledge," or using similar words, or otherwise electronically to acknowledge, accept, review, etc. Materials. This E-Signature Consent applies to those instances as well. You also understand that, in its sole discretion, AutoZone may mail, hand-deliver, communicate, or otherwise send you paper-copy Materials.

You may obtain a paper copy of any electronic Materials, including ones already or to be accessed, received, reviewed, and/or signed electronically, by sending a written request to AutoZone at 123 S. Front St., Memphis, TN 38103, Attn. HR/Dept. 8118. You will be charged a reasonable fee to cover the costs of providing a paper copy.

You may withdraw your consent to receive, review, access, sign, and authenticate any additional electronic Materials by canceling this E-Signature Consent. You may cancel this E-Signature Consent and withdraw your consent now by not completing this E-Signature Consent form and exiting the system, in which case your application will not continue and you will not be considered further for employment. You may cancel this E-Signature Consent and withdraw your consent after completing this E-Signature Consent form but before completing the AutoZone online employment application by sending a written cancellation request to AutoZone at 123 S. Front St., Memphis, TN 38103, Attn. HR/Dept. 8118 or ehire.support@autozone.com, in which case your application will not continue and you will not be considered further for employment. You may cancel this E-Signature Consent and withdraw your consent after completing the AutoZone online application by sending a written cancellation request to AutoZone at 123 S. Front St., Memphis, TN 38103, Attn. HR/Dept. 8118 or ehire.support@autozone.com. Any withdrawal of your consent will be effective after a reasonable period of time in order for AutoZone to process your withdrawal. Withdrawal of your consent will have no legal effect on the validity, effectiveness, or enforceability of (a) any authorization, consent, or e-signature provided by you prior to the effective date of your withdrawal or (b) any document, form, letter, etc. that was provided or made available to you in electronic format prior to the effective date of your withdrawal. Withdrawal of your consent also will not relieve you from the obligation to complete all required Materials. Withdrawal/canceling will require you to receive, review, access, sign, and authenticate these Materials in hard copy instead of electronically. Receiving, reviewing, accessing, signing, and authenticating certain Materials in either electronic or hard copy is a condition of initial and/or continued employment. [AutoZone's application is in electronic/online format and must be completed online.]

You must update AutoZone regarding the information necessary to contact you electronically (including your personal email address) by logging in to AutoZone's Careers website with your user ID and password, accessing the Profile section, and updating your electronic contact information.

To access these electronic Materials, you must have (a) a personal computer and an operating system capable of receiving, accessing, displaying, and either printing or storing information, (b) an Internet connection, and (c) Internet Browser Software such as Internet Explorer®, Safari®, or Firefox®. If you are able to see this E-Signature Consent, your hardware and software should allow you to access these electronic Materials.

To retain any of these electronic Materials, you may either print or download them. To print these Materials on your computer, you will need a printer connected to your computer with adequate paper. To download these Materials on your computer, you will need an available storage medium, like a hard drive on your computer or a removable thumb drive. Please follow the instructions for your particular computer operating system and/or software to print and/or to download these Materials. Each individual screen may need to be printed and/or downloaded separately. If you have trouble printing and/or downloading, please contact the manufacturer of your personal computer or mobile device, computer operating system, web browser, app, or other relevant software or another information source of your choosing.

By checking this box, and clicking "I Agree" below, I understand that I am:

1. Confirming that I can access this E-Signature Consent.

2. Confirming that I have an email address and that the computer I intend to use to access documents electronically has the hardware and software requirements described in this E-Signature Consent, to access and to retain these electronic Materials.

3. Agreeing to electronically access, receive, review, sign, and authenticate Materials related in any way to my employment with AutoZone, in place of hard copy/paper documents and handwritten signatures.

4. Confirming that I understand how to cancel this E-Signature Consent, should I ever want to do so.

5. Consenting to update AutoZone regarding the information necessary to contact me electronically (including my personal email address) by logging in to AutoZone's Careers website with my user ID and password, accessing the Profile section, and updating my electronic contact information.

6. Agreeing that I have read, understand, and agree to all statements, agreements, and acknowledgements in this E-Signature Consent.

## TERMS, CONDITIONS & AGREEMENTS

AutoZone makes every reasonable effort to accommodate individual preferences when possible; however, business needs and customer demands at times make the following conditions mandatory: overtime, shift work, a rotating schedule or a work schedule other than Monday through Friday. I understand these conditions, and, if employed, I agree to accept them as conditions of my continuing employment. I hereby agree and understand that, as a condition of employment or continued employment, I may be required by the Company to submit to a physical examination, drug testing, other tests, and/or a search or examination of myself or personal property while on the Company's premises or while conducting business elsewhere, if such is not prohibited by law. If employed, I agree to abide by the present and future directives, rules and regulations of AutoZone. I understand that any employment is at will and may be terminated by me or by AutoZone with or without cause or notice at any time. I further understand that the at will status of any employment can only be modified by a written agreement signed by the President of the Company or the President's designee. I certify that my application for employment is true and complete, and I understand that false or omitted statements on this application or any other Company documents will subject me to immediate dismissal (if employed) or termination of my application process (if an applicant). I understand that completion of this application does not mean a job opening exists and in no way obligates AutoZone to employ me. I further authorize all persons and former employers directly contacted by AutoZone to provide information concerning me and/or my suitability for employment, and I release such persons and former employers directly contacted by AutoZone from liability for providing such information.

## BACKGROUND CHECK DISCLOSURES

A consumer report is a type of background check in which information (which may include, but is not limited to, criminal background, driving background, character, general reputation, personal characteristics, and mode of living) about you is gathered and communicated by a consumer reporting agency ("CRA") to AutoZone, Inc. and/or its subsidiaries, affiliates, other related entities, successors, and/or assigns, including but not limited to AutoZoners, LLC and AutoAnything, Inc. (hereinafter, as applicable, AutoZone).
AutoZone may obtain a consumer report on you to be used for employment purposes, including your application for employment.

## ADDITIONAL DISCLOSURES

*In addition to the disclosures set forth in the separate Background Check Disclosures form, below please find additional disclosures/notices that may pertain to you. Please note: state disclosures that overlap with the disclosures set forth in the separate Background Check Disclosures form are not repeated in these Additional Disclosures.*

**All applicants/employees:** AutoZone, Inc. and/or its subsidiaries, affiliates, other related entities, successors, and/or assigns, including but not limited to AutoZoners, LLC and AutoAnything, Inc. (hereinafter, as applicable, AutoZone ), may obtain an investigative consumer report on you to be used for employment purposes, including your application for employment. Under federal law, an investigative consumer report is a special type of consumer report in which information (which may include, but is not limited to, criminal background, driving background, character, general reputation, personal characteristics, and mode of living) about you may be obtained by personal (including telephonic) interviews with neighbors, friends, associates, acquaintances, or others. (In California, the term "investigative consumer report" has a slightly different meaning, as explained in the separate California State Law Disclosures (non-credit) (if applicable).) You have a right to request from AutoZone disclosures of the nature and scope of an investigative consumer report and a summary of your rights under the federal Fair Credit Reporting Act. Your request should be made in writing to AutoZone at 123 S. Front St., Memphis, TN 38103, Attn. HR/Dept. 8118 or ehire.support@autozone.com within a reasonable period of time after your receipt of this form. A copy of "A Summary of Your Rights under the Fair Credit Reporting Act" is included below.

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*
**A Summary of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental

history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to** www.consumerfinance.gov/learnmore **or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

**You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

**You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

§   a person has taken adverse action against you because of information in your credit report;

§   you are the victim of identity theft and place a fraud alert in your file;

§   your file contains inaccurate information as a result of fraud;

§   you are on public assistance;

§   you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information. **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

**You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

**Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

**Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old. Access to your file is limited. A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

**You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

**You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPT-OUT (1-888-567-8688).

**You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court. **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1. a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates b. Such affiliates that are not banks, savings | a. Consumer Financial Protection Bureau; 1700 G Street, N.W.; Washington, DC 20552 b. Federal Trade Commission: Consumer Response Center – |

| | FCRA; Washington, DC 20580 (877) 382 -4357 |
|---|---|
| 2. To the extent not included in item 1 above: a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations d. Federal Credit Unions | a. Office of the Comptroller of the Currency; Customer Assistance Group 1301 McKinney Street, Suite 3450; Houston, TX 77010-9050 b. Federal Reserve Consumer Help Center; P.O. Box. 1200; Minneapolis, MN 55480 c. FDIC Consumer Response Center; 1100 Walnut Street, Box #11; Kansas City, MO 64106 d. National Credit Union Administration; Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO); 1775 Duke Street Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings; Aviation Consumer Protection Division; Department of Transportation; 1200 New Jersey Avenue, S.E.; Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Proceedings, Surface Transportation Board; Department of Transportation; 395 E Street, S.W.; Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access; United States Small Business Administration 409 Third Street, SW, 8th Floor; Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission; 100 F Street, N.E.; Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration; 1501 Farm Credit Drive; McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center – FCRA; Washington, DC 20580; (877) 382-4357 |

## [PLEASE SEE BELOW FOR ADDITIONAL DISCLOSURES THAT MAY APPLY TO YOU]

**Massachusetts applicants/employees only:** The precise nature and scope of any investigative consumer report (which commonly includes information regarding your character, general reputation, personal characteristics, and mode of living) will be the same types of information described above. You have a right to have a copy of any investigative consumer report upon request from Edge Information Management, Inc., 1682 West Hibiscus Blvd., Melbourne, Florida 32901 OR 1-800-725-3343.

**Minnesota applicants/employees only:** You have the right to request a complete and accurate disclosure of the nature and scope of any consumer report from Edge Information Management, Inc., 1682 West Hibiscus Blvd., Melbourne, Florida 32901 OR 1-800-725-3343.

**Montana applicants/employee only:** You have a right to request from AutoZone disclosures of the nature, scope, and substance of any investigative consumer report.

**New Jersey applicants/employees only:**The precise nature and scope of any investigative consumer report (which commonly includes information regarding your character, general reputation, personal characteristics, and mode of living) will be the same types of information described above. You have a right to have a copy of any investigative consumer report upon request from Edge Information Management, Inc., 1682 West Hibiscus Blvd., Melbourne, Florida 32901.

**New York applicants/employees only:** Upon request, you will be informed whether or not a consumer report was requested, and if such report was requested, informed of the name and address of the CRA that furnished the report. Upon written request, you will be informed whether or not an investigative consumer report was requested, and if such report was requested, the name and address of the CRA to whom the request was made. Your written request should be made to AutoZone at 123 S. Front St., Memphis, TN 38103, Attn. HR/Dept. 8118 or ehire.support@autozone.com. Upon furnishing you with the name and address of the CRA, you will also be informed that you may inspect and receive a copy of such report by contacting that agency.

## NEW YORK CORRECTION LAW
### ARTICLE 23-A
### LICENSURE AND EMPLOYMENT OF PERSONS PREVIOUSLY CONVICTED OF ONE OR MORE CRIMINAL OFFENSES

§750. Definitions.
For the purposes of this article, the following terms shall have the following meanings:

1. "Public agency" means the state or any local subdivision thereof, or any state or local department, agency, board or commission.

2. "Private employer" means any person, company, corporation, labor organization or association which employs ten or more persons.

3. "Direct relationship" means that the nature of criminal conduct for which the person was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities necessarily related to the license, opportunity, or job in question.

4. "License" means any certificate, license, permit or grant of permission required by the laws of this state, its political subdivisions or instrumentalities as a condition for the lawful practice of any occupation, employment, trade, vocation, business, or profession. Provided, however, that "license" shall not, for the purposes of this article, include any license or

permit to own, possess, carry, or fire any explosive, pistol, handgun, rifle, shotgun, or other firearm.

5. "Employment" means any occupation, vocation or employment, or any form of vocational or educational training. Provided, however, that "employment" shall not, for the purposes of this article, include membership in any law enforcement agency.

§751. Applicability.

The provisions of this article shall apply to any application by any person for a license or employment at any public or private employer, who has previously been convicted of one or more criminal offenses in this state or in any other jurisdiction, and to any license or employment held by any person whose conviction of one or more criminal offenses in this state or in any other jurisdiction preceded such employment or granting of a license, except where a mandatory forfeiture, disability or bar to employment is imposed by law, and has not been removed by an executive pardon, certificate of relief from disabilities or certificate of good conduct. Nothing in this article shall be construed to affect any right an employer may have with respect to an intentional misrepresentation in connection with an application for employment made by a prospective employee or previously made by a current employee.

§752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited.

No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:

1. There is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or

2. the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

§753. Factors to be considered concerning a previous criminal conviction; presumption.

1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors

   a. The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.

   b. The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

   c. The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

   d. The time which has elapsed since the occurrence of the criminal offense or offenses.

   e. The age of the person at the time of occurrence of the criminal offense or offenses.

   f. The seriousness of the offense or offenses.

   g. Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

   h. The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.

§754. Written statement upon denial of license or employment.

At the request of any person previously convicted of one or more criminal offenses who has been denied a license or employment, a public agency or private employer shall provide, within thirty days of a request, a written statement setting forth the reasons for such denial.

§755. Enforcement.

1. In relation to actions by public agencies, the provisions of this article shall be enforceable by a proceeding brought pursuant to article seventy-eight of the civil practice law and rules.

2. In relation to actions by private employers, the provisions of this article shall be enforceable by the division of human rights pursuant to the powers and procedures set forth in article fifteen of the executive law, and, concurrently, by the New York city commission on human rights.

**Washington State applicants/employees only:** You have the right, upon written request made within a reasonable period of time after your receipt of this disclosure, to receive from the AutoZone a complete and accurate disclosure of the nature and scope of any "investigative" consumer report we may have requested. You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act. Any requests under this paragraph to the CRA should be made to Edge Information Management, Inc., 1682 West Hibiscus Blvd., Melbourne, Florida 32901 OR 1-800-725-3343.

# CALIFORNIA STATE LAW DISCLOSURES (Non-Credit)

*In addition to the disclosures set forth in the separate Background Check Disclosures document, below please find California disclosures/notices that may pertain to you.*

<u>For California applicants/employees only</u>: Under California law, an "investigative consumer report" is a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any lawful means. In connection with your application for employment and/or continued employment with AutoZone, Inc. and/or its subsidiaries, affiliates, other related entities, successors, and/or assigns, including but not limited to AutoZoners, LLC and AutoAnything, Inc. (hereinafter, as applicable, AutoZone), AutoZone intends to procure, as defined under California law, an investigative consumer report. With respect to any investigative consumer report from an investigative consumer reporting agency ("ICRA"), AutoZone may investigate the information contained in your employment application and other background information about you, including but not limited to obtaining a criminal record report, obtaining information about your character, general reputation, personal characteristics and mode of living, verifying references, work history, your social security number, your educational achievements, licensure, certifications, driving records, and other information about you, including interviewing people who are knowledgeable about you. The results of this report may be used as a factor in making employment decisions. The source of any investigative consumer report (as this term is defined under California law and as explained more fully above) will be Edge Information Management, Inc., 1682 West Hibiscus Blvd., Melbourne, Florida 32901 OR 1-800-725-3343 OR http://www.edgeinformation.com/. Information regarding Edge Information Management's privacy practices can be found at http://www.edgeinformation.com/. AutoZone will provide you with a copy of an investigative consumer report when required to do so under California law.

Under California Civil Code section 1786.22, you are entitled to a visual inspection of files maintained on you by an ICRA, as follows: (1) In person, if you appear in person and furnish proper identification, during normal business hours and on reasonable notice. A copy of your file shall also be available to you for a fee not to exceed the actual costs of duplication services provided; (2) By certified mail, if you make a written request, with proper identification, for copies to be sent to a specified addressee. An ICRA complying with requests for certified mailings under the California Code shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the ICRA; (3) A summary of all information contained in your files and required to be provided by the California Code shall be provided to you by telephone, if you have made a written request, with proper identification for telephone disclosure, and the toll charges, if any, for the telephone call are prepaid by you or charged directly to you.

"Proper Identification" means information generally deemed sufficient to identify you, which includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. Only if you cannot identify yourself with such information may the ICRA require additional information concerning your employment and personal or family history in order to verify your identity.

The ICRA will provide trained personnel to explain any information furnished to you and will provide a written explanation of any coded information contained in files maintained on you. This written explanation will be provided whenever a file is provided to you for visual inspection.

You may be accompanied by one other person of your choosing, who must furnish reasonable identification. An ICRA may require you to furnish a written statement granting permission to the ICRA to discuss your file in such person's presence.

# BACKGROUND CHECK AUTHORIZATION

To the extent permitted by applicable state law, I hereby consent to this investigation and authorize AutoZone, Inc. and/or its subsidiaries, affiliates, other related entities, successors, and/or assigns, including but not limited to AutoZoners, LLC and AutoAnything, Inc. (hereinafter, as applicable, AutoZone ), to procure consumer report(s), criminal background check(s), investigative consumer report(s) (as defined by the federal Fair Credit Reporting Act) and/or investigative consumer report(s) (as defined by applicable California state law), on my background from a consumer reporting agency ("CRA") or from an investigative consumer reporting agency ("ICRA"), as described in the **Background Check Disclosures**, the **Additional Disclosures**, and the **California State Law Disclosures** (all of which I have received separately from AutoZone).

I have reviewed and understand the information, statements, and notices in the **Background Check Disclosures**, **the Additional Disclosures**, and the **California State Law Disclosures**, as well as this Background Check Authorization. My authorization remains valid throughout my employment with AutoZone, such that, to the extent permitted by applicable law, I agree AutoZone can procure additional consumer report(s), criminal background check(s), and/or

investigative consumer report(s) (as defined by federal law) during my employment without providing additional disclosures or obtaining additional authorizations. Except as otherwise prohibited by state law, I consent to and authorize AutoZone to share this information with AutoZone's current or prospective clients, customers, others with a need to know, and/or their agents (including but not limited to staffing/placement company clients and vendor credentialing companies) for business reasons (e.g., to place me in certain employment positions, jobs, work sites, etc.).

☐  Have you ever lived in the State of Georgia?

☐  **For California, Minnesota, or Oklahoma applicants/employees only:** If you would like to receive from (as applicable) the CRA, the ICRA, or AutoZone, a copy of the background check report that AutoZone may procure, please check this box.

 **Employment Application**

| Date of Application: | 06/21/2018 |
|---|---|
| Location: | 08843 |
| Position Title: | 0005 |

**Circle K Stores Inc. is an Equal Opportunity Employer**
All applications for employment will be considered without regard to race, color, age, sex, national origin, religion, disability, veteran status, genetics, marital status, sexual orientation, or any other legally protected status.

## PERSONAL INFORMATION

| First Name: **Ernesto** | Middle Name: | Last Name: **Limon** |
|---|---|---|

| Street Address: ▉▉▉▉▉ | | Address Line 2: | | | |
|---|---|---|---|---|---|
| City: **Modesto** | State: **CA** | Zip: ▉ | From: **09/01/2009** | To: |
| If Non-US Address: State, Country and Postal code | | | | |

| Primary phone: ▉▉▉ | Secondary phone: | Alternate phone: |
|---|---|---|
| Email Address: ▉▉▉▉ | | Alternate Email Address: ▉▉▉▉ |

If you have been known by another name(s), please provide:

| First Name: | Middle Name: | Last Name: |
|---|---|---|
| First Name: | Middle Name: | Last Name: |

| Previous Address: ▉▉▉ | | Address Line 2: | | |
|---|---|---|---|---|
| City: **Modesto** | State: **CA** | Zip: ▉ | From: **06/01/2005** | To: **09/01/2009** |
| If Non-US Address: State, Country and Postal code | | | | |

| Previous Address: ▉▉ | | Address Line 2: | | |
|---|---|---|---|---|
| City: **Modesto** | State: **CA** | Zip: ▉ | From: **07/01/2000** | To: **06/01/2005** |
| If Non-US Address: State, Country and Postal code | | | | |

| Previous Address: ▉▉▉ | | Address Line 2 | | |
|---|---|---|---|---|
| City: **Modesto** | State: **CA** | Zip: ▉ | From: **05/01/1994** | To: **07/01/2000** |
| If Non-US Address: State, Country and Postal code | | | | |

| Previous Address: | | Address Line 2: | | |
|---|---|---|---|---|
| City: | State: | Zip: | From: | To: |
| If Non-US Address: State, Country and Postal code | | | | |

| Previous Address: | | Address Line 2: | | |
|---|---|---|---|---|
| City: | State: | Zip: | From: | |
| If Non-US Address: State, Country and Postal code | | | | |

PENGAD 800-631-6989   **EXHIBIT**   4   LIMON

| Work Availability | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| Morning | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Afternoon | ✓ | | | | | ✓ | ✓ |
| Evening | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Night | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| Date Available for Employment: **06/22/2018** | Schedule Desired: Full Time ☐  Part Time ☐  Either ✓ | Hourly Wage Desired $: **12.50** |
|---|---|---|

I understand and agree to the following: While Circle K tries to accommodate each employee's schedule preferences, our industry requires flexible schedules in which the number of hours worked and the start time may vary from week to week. Although Circle K cannot guarantee that all schedule preferences can be accommodated, it will attempt to do so if business operations permit.   Yes ✓

LIMON 012

 Employment Application

## PRESCREEN QUESTIONS

| Question | | Yes | No | |
|---|---|---|---|---|
| Are you legally eligible to work in the United States? | | Yes ✓ | No | |
| Can you provide legal documentation establishing your identity and eligibility to be legally employed in the US? (Examples: Drivers License, Social Security Card, Voter's Registration, Birth Certificate, Alien Registration Card, etc.) | | Yes ✓ | No | |
| Would you be willing to submit to a background check, prior to being hired? | | Yes ✓ | No | |
| Would you be willing to be screened for illegal drug use? | | Yes ✓ | No | |
| Are you at least 16 years old or older? | | Yes ✓ | No | |

Have you ever been employed by Circle K, Couche-Tard or one of its subsidiaries (Mac's, Big Foot, Dairy Mart, Pantry Stores/Kangaroo Express, CST/Corner Stores)? Yes ☐ No ✓ Not sure ☐

| In what capacity were you employed? | |
|---|---|
| What location? | |
| From Date: | To Date: |

Do you have relatives/friends currently employed by Circle K? Yes ☐ No ✓

| Name: | |
|---|---|
| Relationship: | |

Certain positions may require the use of a vehicle. If use of a vehicle is required for this position, would there be a problem? Yes ☐ No ✓

If Yes, please explain:

How were you referred? **Friend - My friend works at an office by this location**

☑ I have read & understood the job description.   ☐ I have read the job description but have a question or need clarification.

Question or clarification needed:
**None**

## EDUCATIONAL BACKGROUND

**Other**

Name:**Modesto Junior College Modesto**

| Did you attend under a different Name? Yes☐ No✓ | If Yes, Name: | | Graduated: Yes☐ No✓ |
|---|---|---|---|
| Major: | Minor: | Type of Degree: | |
| Highest Level Attended:**Junior Year** | Grade Point Average: | | |
| Please tell us about any honors received at this school: | | | |

**4-yr University/College**

Name:**San Diego State University San Diego**

| Did you attend under a different Name? Yes☐ No✓ | If Yes, Name: | | Graduated: Yes☐ No✓ |
|---|---|---|---|
| Major: | Minor: | Type of Degree: | |
| Highest Level Attended:**Junior Year** | Grade Point Average: | | |
| Please tell us about any honors received at this school: | | | |

**High School**

Name:**Thomas Downey High School Modesto**

| Did you attend under a different Name? Yes☐ No✓ | If Yes, Name: | | Graduated: Yes✓ No☐ |
|---|---|---|---|
| Major: | Minor: | Type of Degree: | |
| Highest Level Attended: | Grade Point Average: | | |
| Please tell us about any honors received at this school: | | | |

| Name: | | | |
|---|---|---|---|
| Did you attend under a different Name? Yes☐ No☐ | If Yes, Name: | | Graduated: Yes☐ No☐ |
| Major: | Minor: | Type of Degree: | |
| Highest Level Attended: | Grade Point Average: | | |
| Please tell us about any honors received at this school: | | | |

LIMON 015



## Employment Application

| EMPLOYMENT HISTORY | Please include the last 5 jobs you have held, beginning with your present or last employer. |
|---|---|

I do not have an Employment History ☐

### Employer 1

| Name: **AutoZone** | | Phone: **209-537-5481** | This is a current employer: ☑ |
|---|---|---|---|
| Address: **1500 E Hatch Rd** | City: **Modesto** | State: **CA** | Zip: **95351** |
| From: **06/01/2017** | To: **04/01/2018** | Non-US Address: | |

Did you work for this employer under a different name?   Yes ☐   No ☑   If Yes, Name:

☐ ☐ ☐ ☐   ☐ ☐ ☐ ☐

Job Title: **Commercial Driver**

Duties and Responsibilities:
**Delivered auto parts to local shops.**

| Supervisor Name: **Cesar Barbosa** | Supervisor Title: **Commercial Manager** | Supervisor Phone: **209-661-3330** |
|---|---|---|

| Reasons for leaving: **Went Back to School** | May we verify employment prior to making a hiring decision? | Yes ☑   No ☐ |
|---|---|---|

If no, please explain:

If yes, and we contact this employer, would you expect them to say they would rehire you for the position you last held there?   Yes ☑   No ☐

Reason for any employment gap:
**School**

### Employer 2

| Name: **Freeway Insurance** | | Phone: **209-585-3788** | This is a current employer: ☐ |
|---|---|---|---|
| Address: **1801 H St** | City: **Modesto** | State: **CA** | Zip: **95354** |
| From: **02/01/2017** | To: **05/01/2017** | Non-US Address: | |

Did you work for this employer under a different name?   Yes ☐   No ☑   If Yes, Name:

☐ ☐ ☐ ☐

Job Title: **Producer**

Duties and Responsibilities:
**Brokered automobile insurance policies.**

| Supervisor Name: **Salvador Mena** | Supervisor Title: **Branch Manager** | Supervisor Phone: |
|---|---|---|

| Reasons for leaving: **Found a Better Job** | May we verify employment prior to making a hiring decision? | Yes ☑   No ☐ |
|---|---|---|

If no, please explain:

If yes, and we contact this employer, would you expect them to say they would rehire you for the position you last held there?   Yes ☑   No ☐

Reason for any employment gap:
**Took a few days for me to start at my next job.**

### Employer 3

| Name: **99 Ranch Market** | | Phone: **858-974-8899** | This is a current employer: ☐ |
|---|---|---|---|
| Address: **7330 Clairemont Mesa Blvd** | City: **San Diego** | State: **CA** | Zip: **92111** |
| From: **06/01/2016** | To: **08/01/2016** | Non-US Address: | |

Did you work for this employer under a different name?   Yes ☐   No ☑   If Yes, Name:

☐ ☐ ☐ ☐   ☐ ☐ ☐ ☐

Job Title: **Seafood Handler**

Duties and Responsibilities:
**Killed, cleaned, and gutted fish to customers' orders.**

| Supervisor Name: **Eh Ser** | Supervisor Title: **Department Manager** | Supervisor Phone: |
|---|---|---|

| Reasons for leaving: **Went Back to School** | May we verify employment prior to making a hiring decision? | Yes ☑   No ☐ |
|---|---|---|

If no, please explain:

If yes, and we contact this employer, would you expect them to say they would rehire you for the position you last held there?   Yes ☑   No ☐

Reason for any employment gap:
**School.**

 Employment Application

---

| **Employer 4** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name: **SDSU Office of Housing Administration** | | | Phone: **619-594-5742** | | | This is a current employer: ☐ | | |
| Address: **6001 Lindo Paseo** | | City: **San Diego** | | | State: **CA** | | Zip: **92115** | |
| From: **05/01/2015** | To: **07/01/2015** | Non-US Address: | | | | | | |
| Did you work for this employer under a different name? | | Yes ☐ | No ☑ | If Yes, Name: | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

Job Title: **Cleaner**

Duties and Responsibilities:
**Responsible for cleaning student dorms.**

| Supervisor Name: **Benita Mann** | Supervisor Title: **Supervisor** | Supervisor Phone: |
|---|---|---|

| Reasons for leaving:<br>**Went Back to School** | May we verify employment prior to making a hiring decision? | Yes ☑ | No ☐ |
|---|---|---|---|

If no, please explain:

If yes, and we contact this employer, would you expect them to say they would rehire you for the position you last held there? Yes ☑ No ☐

Reason for any employment gap:
**School.**

| **Employer 5** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name: **Pathways** | | | Phone: **619-594-1683** | | | This is a current employer: ☐ | | |
| Address: **5500 Campanile DR** | | City: **San Diego** | | | State: **CA** | | Zip: **92115** | |
| From: **02/01/2013** | To: **05/01/2014** | Non-US Address: | | | | | | |
| Did you work for this employer under a different name? | | Yes ☐ | No ☑ | If Yes, Name: | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

Job Title: **Tutor**

Duties and Responsibilities:
**Tutored students in a classroom setting.**

| Supervisor Name: **Kyra Freeburg** | Supervisor Title: **Supervisor** | Supervisor Phone: |
|---|---|---|

| Reasons for leaving:<br>**Moved** | May we verify employment prior to making a hiring decision? | Yes ☑ | No ☐ |
|---|---|---|---|

If no, please explain:

If yes, and we contact this employer, would you expect them to say they would rehire you for the position you last held there? Yes ☑ No ☐

Reason for any employment gap:
**School.**

---

| **REFERENCES** | | |
|---|---|---|
| First Name: **Cesar** | Last Name: **Barbosa** | Relationship: **Former supervisor** |
| Address: | | |
| Phone Number: **209-661-3330** | Email Address: | |
| First Name: **Ramiro** | Last Name: **Rodriguez** | Relationship: **Friend/ Former co-worker** |
| Address: | | |
| Phone Number: **209-241-7098** | Email Address: | |
| First Name: **Shawn** | Last Name: **Schonian** | Relationship: **Long-time friend** |
| Address: | | |
| Phone Number: **209-622-6133** | Email Address: | |

LIMON 015

 Employment Application

## MILITARY HISTORY

| Do you have a Military background? | Yes [ ] No [✓] | Branch: | Military Service: |
|---|---|---|---|
| From: | To: | | Rank: |
| Did you receive any military training related to the job for which you are applying? | Yes [ ] No [ ] | | |
| Did you receive this training under any other name?   Yes [ ] No [ ] If Yes, Name: | | | |

## SKILLS INVENTORY

| Skill Type: | Skill Level: | Skill Description: |
|---|---|---|
| Foreign Languages | Mid Level | Fluent in Spanish, written and spoken. |
| Cash Register | Beginner | At my previous job (AutoZone) I would sometimes help ring |
| Software | Mid Level | Microsoft Office. |
| Other | Beginner | Have a basic understanding of management in the |
| | | |

LIMON 016

 Employment Application

---

## CONSENT AND RELEASE FOR ALCOHOL AND DRUG TESTING

I, **Ernesto Limon**

understand that Circle K reserves the right to request a sample of my urine and/or blood for chemical or other medically recognized testing as part of the terms of my employment. If alcohol, non-prescribed or illegal drugs are found (testing positive) I understand that I will be disqualified from further hiring consideration, and, if already employed, I also know that my employment with Circle K may be immediately terminated. I acknowledge that it is against company policy to test positive or be under the influence of any illegal or non-prescribed drugs or alcohol at any time while at work or on Company property.

I freely and voluntarily consent and agree to let the Company take a sample of my urine and/or blood and to test the sample. I also agree to whatever employment decisions that are made by Circle K based upon the results of the urine and/or blood analysis I have given.

I authorize all test results be released to a representative of Circle K Stores Inc. as specified above.

## TERMS & CONDITIONS

Circle K Stores Inc. is an Equal Opportunity Employer

All applications for employment will be considered without regard to race, color, age, sex, national origin, religion, disability, veteran status, genetics, marital status, sexual orientation, or any other legally protected status.

I certify that all information provided in this application is true and complete to the best of my knowledge and belief. I understand that any untrue facts or intentionally omitted (left out) facts from this application will be reason to keep me from any further employment consideration and, if learned after I am hired, may result in my termination from Circle K Stores Inc.("Circle K")

I agree to follow Circle K's policies and all federal, state and local laws during my employment. Further, I acknowledge that if I fail to follow the Company's rules, I may be disciplined, or possibly terminated.

I also agree and understand that any employment, which may be offered to me, will not be for any definite or specific period of time and that my employment may end at any time, with or without cause, at the option of either Circle K or myself. Further, I agree and understand that nothing written in this application or any verbal statements made shall be considered to create an employment contract between Circle K and myself.

I understand that no employee or person at Circle K has the power to enter into an employment agreement with me which is different from the agreed upon at-will status. Anyone stating that I am not an at-will employee must be reported immediately to Human Resources. Not doing so will prevent me from later making a claim that I am not an at-will employee.

---

## RELEASE

I understand that this application will be kept for forty-five (45) days from today's date. If I still desire a position with the company after this application expires in 45 days, it will be up to me to fill out a new application.

---

## SIGNATURE

☑ I, **Ernesto Limon**                                                               On: **06/21/2018**

*acknowledge my understanding of the above, and give my consent to the release of alcohol and drug testing results. I agree to the Terms and Conditions as stipulated above. I confirm that checking this box serves as my electronic signature of this application and my agreement to its use in such manner.*

LIMON 017

 Fair Credit Reporting Act (FCRA) Consent

---

**DISCLOSURE and AUTHORIZATION**

Circle K will obtain one or more consumer reports or investigative consumer reports (or both) about you for employment purposes. These purposes may include the evaluation of your employment application, hiring, transfer, retention, promotion, re-assignment, and termination. These reports will be retained through a consumer reporting agency (or agencies). You may obtain a copy of these reports, upon request.

I understand that certain laws require that Circle K provide me with information regarding my rights. The Fair Credit Reporting Act (FCRA) requires Circle K to obtain my consent in order to make inquiries about me.

By signing below, I authorize Circle K to obtain consumer reports about me, including, but not limited to:

- ➢ Former/Present Employers
- ➢ Governmental Agencies
- ➢ Credit Bureaus
- ➢ Education Verification/Academic Records
- ➢ Criminal Records
- ➢ Motor Vehicle / Driver's License
- ➢ Professional Licenses
- ➢ Applicable Medical Records (if required for specific positions)

Ernesto Limon
_____
Name

Modesto, CA
_____
Address

I authorize Circle K to request and receive any and all information concerning me from any persons, schools, companies, government agencies, consumer reporting or investigative agencies, or any other entities including, but not limited to, law enforcement agencies, and any of my previous employers. All information that may be requested will be for legally authorized or mandated purposes.

I authorize, without reservation, any person or entity contacted by Circle K Stores Inc. or its agent(s) to furnish the above stated information, and I release any such person or entity from any liability for furnishing such information.

Copy: If you are applying for a job in or live in California, Minnesota, or Oklahoma you may request a copy of the report by checking this box: ☑

**SIGNATURE**

☑ I, Ernesto Limon                                                                    On: **06/21/2018**

*confirm that checking this box serves as my electronic signature of this document and my agreement to its use in such manner.*

EXHIBIT
5
LIMON
PENGAD 800-631-6989

Page 1 of 7



**Employment Background Reporting**

6/28/2018

Case #: 74495515

ERNESTO LIMON

▬▬▬▬▬▬▬▬

MODESTO, CA ▬▬                    CWD

Dear ERNESTO LIMON:

In order to comply with California State Law and on behalf of Circle K, we are enclosing a copy of the consumer report prepared for employment consideration purposes. The information in the report was obtained from:

> General Information Services
> Disclosure Department
> P.O. Box 353
> Chapin, SC 29036
> Toll-free telephone no.: 1-866-265-4917
> Toll-free fax no.: 1-866-265-4921

We are also enclosing a copy of an information sheet summarizing your rights under the Fair Credit Reporting Act (FCRA) and a Disclosure Request form that can be completed by you to dispute the findings. You have the right to dispute the accuracy or completeness of any information contained in the report by contacting them directly. If you believe any information to be incomplete or incorrect, please fax GIS the completed form to the number on the form.

Thank you again for considering employment with Circle K.

Sincerely,

General Information Services on behalf of Circle K

Enc.:    Copy of Investigation Report
         Summary of Rights Under FCRA
         Dispute Request Form

**EXHIBIT**

6

LIMON

PENGAD 800-631-6989

Case 1:18-cv-01689-SKO Document 27-4 Filed 11/20/19 Page 75 of 100

## Summary of Rights for
## California Consumer Reporting Agencies Act
## California Civil Code Section 1786.22

Please know that you have a right under California law to inspect files maintained on you by an investigative consumer reporting agency pursuant to any of the following procedures, during normal business hours and on reasonable notice:

1. You may personally inspect the files if you provide proper identification (e.g., valid driver's license, social security account number, military identification card, credit cards), and may receive a copy of the file for the actual cost of duplication services provided.

2. You may make a written request, by certified mail and with proper identification as described above, for copies to be sent to a specified address.

3. You may make a written request, with proper identification as described above, for telephone disclosure of a summary of information contained in your files, if any toll charge is prepaid by or charged directly to you.

If you are unable to provide "proper identification" through the types of cards or numbers listed above, the agency may require additional information concerning your employment and personal or family history in order to verify your identity.

The agency must provide trained personnel to explain to you any information that the agency is required to furnish to you from your file. The agency also must provide you with a written explanation of any coded information contained in your files at the time inspection of your files is permitted. You are permitted by law to be accompanied by one other person of your choosing when inspecting your files. That person must furnish reasonable identification. The agency may require you to provide the agency with a written statement granting permission to the agency to discuss your file in such person's presence. The agency also is not required by law to make available to you the sources of information in your files, although such information would be obtainable through proper discovery procedures in any court action brought under Title 1.6A of the Civil Code pertaining to Investigative Consumer Reporting Agencies.

## Resumen de Derechos al
## Consumidor en California
## Acta Civil Código 1786,22

Se le informa que usted tiene el derecho, bajo la ley de California, de inspeccionar y revisar archivos con sus datos que cualquier agencia consumidora pueda tener en su poder. Esto se puede hacer siguiendo los pasos debidos dentro de horas de oficina y con una notificación avanzada razonable:

1. Usted puede personalmente examinar sus archivos siempre y cuando proporcione identificación apropiada (por ejemplo, licencia de manejar válida, número de su tarjeta del seguro social, tarjeta de identidad del servicio militar, tarjetas de crédito). Se le puede otorgar copia de su expediente si cubre el costo para duplicárselo.

2. Usted puede pedir por escrito que se le copie el archivo si da una dirección valida, incluye su identificación y lo hace por correo certificado.

3. Usted puede también por escrito, siguiendo los pasos arriba indicados, solicitar que se le den los datos contenidos en su expediente por teléfono. Si se contraen gastos telefónicos, los mismos se tendrán que pagar por adelantado.

Si usted no puede proporcionar "identificación adecuada" de acuerdo a los requisitos específicos indicados arriba, la agencia puede solicitar datos de su empleo y antecedentes personales familiares para verificar su identidad.

La agencia debe suministrarle el personal adecuado que le explique/informe detalladamente sobre el contenido de su archivo. La agencia también está obligada a proveer explicación por escrito sobre datos claves o codificados dentro de su archivo al momento de permitirle examinar su expediente. Se le permite ir acompañado de otra persona que usted escoja para explorar su archivo. Dicha persona necesitará identificarse debidamente. La agencia puede requerir que usted de permiso por escrito para discutir su expediente en frente de otra persona. La agencia no está obligada a divulgar las fuentes informativas que le permitieron obtener sus datos. Estos datos pueden llegar a ser disponibles por medio de la corte bajo el Título 1.6A del Código Civil referente a Agencias Investigadoras al Consumir.

Page 3 of 7



**Consumer Relations Department**
PO Box 353, Chapin, SC 29036
Toll Free Phone: (866) 265-4917
Toll Free Fax: (866) 265-4921

## DISPUTE REQUEST FORM

To dispute any information contained in our report, please **complete all information on this Dispute Request Form.** Using this form will help us complete your dispute faster!

- **Print clearly.**

- **Identify each item** in your report that you believe is **inaccurate, incomplete, or outdated.** (Consider including a copy of your report with the items in question circled.)

- Clearly **tell us why** the item is inaccurate, incomplete, or outdated. (If you are disputing criminal records, consider using the attached page to specify why items are wrong.)

- **Sign** this form.

- Include copies (NOT originals) of any documents that you believe support your dispute. You do not need to go get documents if you don't already have them.

- **Fax everything to our toll-free fax number** at the top of this letter (or mail it to our address at the top of this letter).

- You can (but don't have to) tell us anything else you think we should know.

*If you have any further questions, you may contact the Consumer Relations Department toll free at 866-265-4917.*

**Work Order#74495515**

| Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|
| Street Address | City | State | Zip Code |
| Preferred Telephone Number (including area code) | | Alternate Telephone Number (including area code) | |
| Social Security Number | | Date of Birth | |
| Driver's License Number | State | Your email Address | |

My signature below (1) authorizes you to disclose information to me about the report that General Information Services prepared about me and (2) requests that each item of information I am disputing be removed or corrected.

SIGNATURE                                              DATE

Reason for disputing criminal records

a. **Please provide details** we should know about your dispute. **Please be as specific as possible.**

b. Please use the information on the report to identify the record you are disputing. Each record has a number associated with it. **Identifying the records by number will help us process your dispute faster.**

c. You can attach as many copies of this page as needed. If you attach multiple copies, it will be helpful for you to number the pages. This will make it easier for us to discuss each item with you if needed.

1. Criminal Record #: _____ Source: _____
Offense: _____ Any related date: _____

[ ] This record is not about you.

[ ] The record is about you, but it lists the wrong offense or lists a felony when you were convicted of a misdemeanor.

[ ] This record is about you, but it doesn't correctly show what the result was (for example, the case was dismissed, but it shows you were convicted or it has the wrong date for your conviction).

[ ] This record is about you, but it was later removed from public records (for example, the case was dismissed after probation, expunged, sealed or make non-public or you received a pardon).

[ ] This record is about you, but it has other incorrect information; provide details:

_____

_____

_____

_____

2. Criminal Record #: _____ Source: _____
Offense: _____ Any related date: _____

[ ] This record is not about you.

[ ] The record is about you, but it lists the wrong offense or lists a felony when you were convicted of a misdemeanor.

[ ] This record is about you, but it doesn't correctly show what the result was (for example, the case was dismissed, but it shows you were convicted or it has the wrong date for your conviction).

[ ] This record is about you, but it was later removed from public records (for example, the case was dismissed after probation, expunged, sealed or make non-public or you received a pardon).

[ ] This record is about you, but it has other incorrect information; provide details:

_____

_____

_____

_____

# Background Report

| | | | |
|---|---|---|---|
| Subject Name: | LIMON, ERNESTO | | |
| Alias Names: | | | |
| Residence Addr: | MODESTO, CA ▓ | Account: | CIRK26CK<br>CIRCLE K - Western Division - Circle K |
| Date of Birth: | xx/xx/xxxx | Social Security #: | ▓ |
| Requested: | 6/26/2018 | Date Completed: | 06/27/2018 (DD 1952) |
| Division | 2610 | Store | 8843 |
| Position | CSR | Work Order #: | 74495515 |
| | | Grade: | Pass ▶ |

**For California consumers:** This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. If the consumer seeks to obtain a copy of a report or to review his or her file, we will provide the consumer a written notice in simple, plain English and Spanish of his or her right to receive all disclosures required by California law.

**FOR PHILADELPHIA, PENNSYLVANIA BUSINESSES:** (1) Philadelphia ordinance prohibits employers from taking adverse hiring action due to criminal history unless the employer conducts an individualized assessment. Any initial score or categorization that we have applied to this report reflects only the information reported in this report, which may not be sufficient for such an individualized assessment. (2) Philadelphia ordinance prohibits employers from considering criminal history that is more than seven years old (excluding any time of actual incarceration).

## Service Summary

| SERVICE | REQUESTED | COMPLETED |
|---|---|---|
| County Criminal Search | 6/26/2018  4:39:08 PM | 6/27/2018  4:34:18 PM |
| SSN Validation and Death Master Index check | 6/26/2018  4:39:08 PM | 6/26/2018  4:39:10 PM |
| KwikScreen (GiS Criminal Records Database) | 6/26/2018  4:39:08 PM | 6/26/2018  4:39:11 PM |

## Grading Results

*NOTE:* This section explains how the information in the following sections is graded under criteria provided the requesting company. Any information listed here is not in addition to the sections set out below, but is a classification of the information set out below. For example, similar types of offenses are grouped together.

| SERVICE | DESCRIPTION |
|---|---|

**COMMENTS**

None

## Admitted Criminal Information

This is information provided to us, either by the requesting company or by the subject of this report, about what the subject of this report has disclosed.

**Did we receive information?**                    N/A

**Details:**                                        Not Applicable/No Information Available

## Criminal and Offense History

*NOTE:*This section identifies public records appearing to belong to the subject, based on identifiers provided by the requesting company and matching the public record, each being identified below. --- indicates no data. Sentencing information (e.g. probation, fines, etc.) are amounts sentenced, and do not indicate amounts served or paid.

| JURISDICTION SEARCHED | NAME SEARCHED | RESULTS | SEARCH PERIOD |
|---|---|---|---|
| Stanislaus County, CA (FELONY AND MISDEMEANOR) | LIMON,ERNESTO | No Record | 2011  to  2018 |

Social ▮▮▮▮  ▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮

▮▮▮▮▮ # ▮▮▮▮ s valid.  Issued in California, In ▮▮▮

## KwikScreen (GiS Criminal Records Database)

No Records to Report

You agree that your request for this report is permitted by law and that you intend to use the report only for a purpose permitted by the Fair Credit Reporting Act and local law, and no other purpose. This report is based upon observation and information provided to General Information Services, Inc. (GIS). For the fee charged, GIS does not assume any liability arising out of the use of this report by you or others. You, or any other user of this report, agree to hold GIS harmless from any liability arising from the use of this report.

**If you are the requestor or user of this report and you have questions, please contact Client Relations at** Email Client Services (mailto:ClientServices@geninfo.com) **or (877) 590-4012.**

**If you are the subject of this report and you need to dispute the report, please contact Consumer Relations at (866) 265-4917 (phone) or (866) 265-4921 (fax). Please do not contact Client Relations; they will not be able to help you.**

Our mailing address is General Information Services; P.O. Box 353; Chapin, South Carolina 29036.
Published on  6/27/2018 at 5:16:31 PM .

Page 7 of 7

1  **KINGSLEY & KINGSLEY, APC**
   ERIC B. KINGSLEY, Esq. (SBN 185123)
2  eric@kingsleykingsley.com
   KELSEY M. SZAMET, Esq. (SBN 260264)
3  kelsey@kingsleykingsley.com
   JUSTIN M. AUFDERHAR, Esq. (SBN 314023)
4  justin@kingsleykingsley.com
   16133 Ventura Blvd., Suite 1200
5  Encino, CA 91436
   (818) 990-8300, Fax (818) 990-2903
6
   **DAVTYAN PROFESSIONAL LAW CORPORATION**
7  EMIL DAVTYAN, Esq. (SBN 299363)
   emil@davtyanlaw.com
8  5959 Topanga Canyon Blvd., Suite 130
   Woodland Hills, CA 91367
9  Telephone: (818) 875-2008, Fax: (818) 722-3974

10  Attorneys for Plaintiff and the Proposed Class

11

12                    **UNITED STATES DISTRICT COURT**

13         **EASTERN DISTRICT OF CALIFORNIA – FRESNO**

14

15  ERNESTO LIMON, an individual, on          CASE NO.  1:18-cv-01689-LJO-SKO
    behalf of himself and others similarly
16  situated,                                 [Assigned for all purposes to Magistrate
                                              Judge Sheila K. Oberto]
17               Plaintiff,
                                              **PLAINTIFF ERNESTO LIMON'S**
18       vs.                                  **RESPONSES TO DEFENDANT**
                                              **CIRCLE K STORE INC.'S**
19                                            **REQUESTS FOR ADMISSION,**
20  CIRCLE K STORES INC.; and DOES           **SET ONE**
    1 thru 50, inclusive,
21
                 Defendants.
22

23  **PROPOUNDING PARTY:**    **DEFENDANT CIRCLE K STORES INC.**

24  **RESPONDING PARTY:**     **PLAINTIFF ERNESTO LIMON**

25  **SET NO.:**              **ONE**

26
                                                    EXHIBIT
27                                                      9
                                              PENGAD 800-631-6989
28                                                   LIMON

                                        1
─────────────────────────────────────────────────────────────
**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE**
**INC.'S REQUESTS FOR ADMISSION, SET ONE**

1    **TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

2       Plaintiff ERNESTO LIMON (hereinafter "Responding Party") by and

3   through his attorneys of record, KINGSLEY & KINGSLEY, APC, does herein

4   respond to the First Set of Requests for Admissions propounded by Defendant

5   CIRCLE K STORES INC. (hereinafter "Defendant" or "Propounding Party").

6   **INTRODUCTORY STATEMENT AND PRELIMINARY OBJECTIONS**

7       1.     Responding Party has not completed a full investigation and analysis

8   of the facts of this case, discovery, or trial preparation.  As discovery proceeds,

9   facts, information, evidence, documents and things may be discovered that are not

10   set forth in these responses but which may have been responsive to this set of

11   request for Admissions.  The following responses are based on Responding Party's

12   knowledge, information and belief at this time and are complete as to Responding

13   Party's best knowledge at this time.  Furthermore, these responses were prepared

14   based on Responding Party's good faith interpretation and understanding of the

15   request for Admissions and are subject to correction for inadvertent errors or

16   omissions, if any.  Responding Party reserves the right to refer to, to conduct

17   discovery with reference to or to offer into evidence at the time of trial, any and all

18   facts, evidence, documents and things developed during the course of discovery and

19   trial preparation, notwithstanding the reference to facts, evidence, documents and

20   things in these responses.  Accordingly, the following responses are given without

21   prejudice to Responding Party's right to produce evidence of any subsequently

22   discovered facts, evidence, documents and things and/or to add to, modify, or

23   otherwise change or amend these responses, although Responding Party assumes

24   no obligation to do so.

25       2.     Responding Party objects generally to each and every request to the

26   extent it calls for information which is within the attorney-client privilege, work

27   product immunity, or any other recognized privilege or immunity, and Responding

28   Party and their counsel hereby asserts such privileges and immunities.

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE
INC.'S REQUESTS FOR ADMISSION, SET ONE**

3.      Inadvertent production of any information which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such information or any other information, or the right of Responding Party to object to the use of any such information during any subsequent proceeding.

4.      Responding Party further objects generally to each and every request to the extent that it seeks information which is protected by constitutional rights or personal or individual privacy and confidentiality.

5.      Responding Party objects generally to each and every Request to the extent that these requests are overbroad, oppressive and unduly burdensome. Responding Party further objects generally to each and every request, to the extent that these requests are overly broad as to time and scope. Responding Party further objects generally to each and every request to the extent these requests are intended to vex and harass Responding Party in that many requests are duplicative of other requests.

6.      Responding Party objects generally to each and every request to the extent that they are irrelevant and immaterial to the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects generally to each and every request to the extent that they are unintelligible in the context of this matter and are vague and ambiguous.

7.      Subject to and without waiving the foregoing objections, all which are incorporated by reference into all of the following Responses as though fully set forth therein, and to the extent Responding Party understands each individual request, Responding Party hereby submits their Responses to Defendant's requests for Admissions, Set One.

## SPECIFIC OBJECTIONS

To avoid repetition in setting forth the specific objections to the subject Requests herein, Responding Party sets forth herein below the following definitions

3

1  and specific objections which will be made in response to certain Requests.

2      A.   Attorney-Client Privilege Objection:

3      To the extent that Defendant's Requests seek information which is or may be

4  invasive of the attorney-client privilege, Responding Party objects.  Specifically, to

5  the extent that certain Requests are so overbroad as to be potentially invasive of the

6  confidential communications of Responding Party and Responding Party's outside

7  counsel for the seeking or rendering of legal advice in regard to these or other

8  subject matters, Responding Party objects.  When Defendant's Requests are

9  objected to on this ground, such objection shall be referred to as the "Attorney-

10  Client Privilege Objection."  Further, due to the breadth and volume of documents

11  involved, to the extent that documents, if any, containing privileged materials are

12  produced, it shall not constitute a waiver of the attorney-client privilege.

13      B.   Work-Product Objection:

14      To the extent that certain of Defendant's Requests seek documents or

15  information which are or may be invasive of the attorney work-product privilege,

16  Responding Party objects.  Specifically, to the extent that certain Requests are so

17  overbroad as to potentially invade and disclose the actual legal work conducted by,

18  or the impressions and evaluations of Responding Party's outside counsel in

19  connection with the stated matter, Responding Party objects.  When Defendant's

20  Requests are objected to on this ground, such objection shall be referred to as the

21  "Work-Product Objection."

22      C.   Burden Objection:

23      To the extent that Defendant's Requests are unreasonably burdensome,

24  oppressive and harassing in that they seek information which places an extreme

25  burden upon Plaintiff while seeking information which is not relevant (or only

26  tangentially relevant) to the present litigation, Responding Party objects.  When

27  Defendant's Requests are objected to on this ground, such objection shall be

28  referred to as the "Burden Objection."

4

D.   Relevance Objection:

To the extent that Defendant's Requests seek information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, Responding Party objects.   When Defendant's Requests are objected to on this ground, such objection shall be referred to as the "Relevance Objection."

E.   Ambiguity Objection:

To the extent that Defendant's Requests are phrased in language that is so vague, ambiguous and uncertain that responses cannot be ascertained without speculation as to the nature and meaning of the language in the context of the request, Responding Party objects.   When Defendant's Requests are objected to on this ground, such objection shall be referred to as the "Ambiguity Objection."

F.   Time-Frame Objection:

To the extent that Defendant's Requests fail to specify, or give any indication of the time frame referenced therein, Responding Party objects.   When Defendant's Requests are objected to on this ground, such objection shall be referred to as the "Time-Frame Objection."

G.   Privacy Objection:

To the extent that Defendant's requests, due to their over breadth and ambiguity, are or may be invasive of confidential information of Responding Party, Responding Party objects. Further, Responding Party objects to the extent that Defendant's requests seeks to discover plaintiff's medical history and/or treatment which is completely unrelated to the issues in this litigation in violation of plaintiff's constitutionally protected right to privacy under Article I, section I of the California. (*See In re Lifschutz* (1970) 2 Cal.3d 415, 435 [concluding requests for medical records must be directly relevant to the lawsuit].) When Defendant's requests are objected to on this ground, such objection shall be referred to as the "Privacy Objection."

5

H.   Tax Return Objection:

To the extent that Defendant's requests seek the disclosure of either federal or state tax returns or the information contained therein, Responding Party objects. When Defendant's requests are objected to on this ground, such objection shall be referred to as the "Tax Return Objection."

I.   Compound Objection:

To the extent that Defendant's requests are compound as phrased, Responding Party objects. When Defendant's requests are objected to on this ground, such objection shall be referred to as the "Compound Objection."

J.   Legal Opinion Objection:

To the extent that Defendant's requests seek legal opinions from the layperson responding to these requests, Responding Party objects.   When Defendant's requests are objected to on this ground, such objection shall be referred to as the "Legal Opinion Objection."

K.   Equally Available Objection:

To the extent that Defendant's requests seek information equally available to the propounding party, or seeks information that Defendant itself is statutorily required to maintain, Responding Party objects because the requests are therefore designed merely to burden, harass, and vex Responding Party.  When Defendant's requests are objected to on this ground, such objection shall be referred to as the "Equally Available Objection."

L.   Discovery Objection:

To the extent that Defendant's requests seek information which is the subject matter of Responding Party's discovery requests to Defendant, and Defendant has failed to produce adequate responses, Responding Party objects because the requests are therefore designed merely to burden, harass, and vex Responding Party. Further, until Defendant produce's Responding Party's payroll documents, Responding Party cannot meaningfully respond to the request.  When Defendant's

6

1  requests are objected to on this ground, such objection shall be referred to as the
2  "Discovery Objection."

3      Subject to and specifically incorporating the foregoing objections,
4  Responding Party provides the following responses:

5  **RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

6  **REQUEST FOR ADMISSION NO. 1:**

7      Admit that YOU filled out an application to attend San Diego State
8  University.

9  **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 1.**

10     Objection. Responding Party incorporates the General Objections as though
11 fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
12 the objections, Responding Party Responds:

13     ADMIT.

14     Discovery is continuing and the Responding Party reserves the right to
15 supplement this response.

16 **REQUEST FOR ADMISSION NO. 2:**

17     Admit that, on June 21, 2018, YOU submitted an electronic job application
18 for employment with Defendant (hereinafter, "job application"). For your ease of
19 reference, attached please find a copy of your job application as **Exhibit A.**

20 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 2.**

21     Objection. Responding Party incorporates the General Objections as though
22 fully set forth herein.  Notwithstanding the objections, Responding Party Responds:

23     ADMIT

24     Discovery is continuing and the Responding Party reserves the right to
25 supplement this response.

26 **REQUEST FOR ADMISSION NO. 3:**

27     Admit that, in YOUR job application, referenced in Request for Admission
28 No. 2 above, YOU indicated that YOU resided at 1828 Ipswich Way, Modesto, CA

7

1 | 95358. For your ease of reference, please refer to **Exhibit A.**

2 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 3.**

3 |     Objection. Responding Party incorporates the General Objections as though
4 | fully set forth herein. This request seeks irrelevant information. Notwithstanding
5 | the objections, Responding Party Responds:

6 |     ADMIT.

7 |     Discovery is continuing and the Responding Party reserves the right to
8 | supplement this response.

9 | **REQUEST FOR ADMISSION NO. 4:**

10 |     Admit that, in YOUR job application, referenced in Request for Admission
11 | No. 2 above, YOU responded to questions regarding your personal information.
12 | For your ease of reference, please refer to **Exhibit A.**

13 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 4.**

14 |     Objection. Responding Party incorporates the General Objections as though
15 | fully set forth herein. This request is vague and ambiguous as to the term "personal
16 | information." This request seeks irrelevant information that may infringe on
17 | Responding Party's right to privacy. Notwithstanding the objections, Responding
18 | Party Responds:

19 |     ADMIT.

20 |     Discovery is continuing and the Responding Party reserves the right to
21 | supplement this response.

22 | **REQUEST FOR ADMISSION NO. 5:**

23 |     Admit that, in YOUR job application, referenced in Request for Admission
24 | No. 2 above, YOU responded to pre-screening questions. For your ease of
25 | reference, please refer to **Exhibit A.**

26 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 5.**

27 |     Objection. Responding Party incorporates the General Objections as though
28 | fully set forth herein. This request seeks irrelevant information. Notwithstanding

8

1 | the objections, Responding Party Responds:

2 |      ADMIT.

3 |      Discovery is continuing and the Responding Party reserves the right to
4 | supplement this response.

5 | **REQUEST FOR ADMISSION NO. 6:**

6 |      Admit that, in YOUR job application, referenced in Request for Admission
7 | No. 2 above, YOU responded to questions regarding your educational background.
8 | For your ease of reference, please refer to **Exhibit A.**

9 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 6.**

10 |      Objection. Responding Party incorporates the General Objections as though
11 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
12 | the objections, Responding Party Responds:

13 |      ADMIT.

14 |      Discovery is continuing and the Responding Party reserves the right to
15 | supplement this response.

16 | **REQUEST FOR ADMISSION NO. 7:**

17 |      Admit that, in YOUR job application, referenced in Request for Admission
18 | No. 2 above, YOU responded to questions regarding your employment history.  For
19 | your ease of reference, please refer to **Exhibit A.**

20 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 7.**

21 |      Objection. Responding Party incorporates the General Objections as though
22 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
23 | the objections, Responding Party Responds:

24 |      ADMIT.

25 |      Discovery is continuing and the Responding Party reserves the right to
26 | supplement this response.

27 | **REQUEST FOR ADMISSION NO. 8:**

28 |      Admit that, in YOUR job application, referenced in Request for Admission

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE
INC.'S REQUESTS FOR ADMISSION, SET ONE**

No. 2 above, YOU provided references.  For your ease of reference, please refer to **Exhibit A.**

**RESPONSE TO REQUESTS FOR ADMISSIONS NO. 8.**

Objection. Responding Party incorporates the General Objections as though fully set forth herein.  This request seeks irrelevant information.  Notwithstanding the objections, Responding Party Responds:

ADMIT.

Discovery is continuing and the Responding Party reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, in YOUR job application, referenced in Request for Admission No. 2 above, YOU responded to questions regarding your military background.  For your ease of reference, please refer to **Exhibit A.**

**RESPONSE TO REQUESTS FOR ADMISSIONS NO. 9.**

Objection. Responding Party incorporates the General Objections as though fully set forth herein.  This request seeks irrelevant information.  Notwithstanding the objections, Responding Party Responds:

ADMIT.

Discovery is continuing and the Responding Party reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, in YOUR job application, referenced in Request for Admission No. 2 above, YOU responded to questions regarding your general job skills.  For your ease of reference, please refer to **Exhibit A.**

**RESPONSE TO REQUESTS FOR ADMISSIONS NO. 10.**

Objection. Responding Party incorporates the General Objections as though fully set forth herein.  This request is vague and ambiguous as to "general skills." This request seeks irrelevant information.   Notwithstanding the objections,

10

1 | Responding Party Responds:

2 |      ADMIT.

3 |      Discovery is continuing and the Responding Party reserves the right to
4 | supplement this response.

5 | **REQUEST FOR ADMISSION NO. 11:**

6 |      Admit that, in YOUR job application, referenced in Request for Admission
7 | No. 2 above, YOU consented to the release of alcohol and drug testing.  For your
8 | ease of reference, please refer to **Exhibit A.**

9 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 11.**

10 |      Objection. Responding Party incorporates the General Objections as though
11 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
12 | the objections, Responding Party Responds:

13 |      ADMIT.

14 |      Discovery is continuing and the Responding Party reserves the right to
15 | supplement this response.

16 | **REQUEST FOR ADMISSION NO. 12:**

17 |      Admit that, on June 21, 2018, YOU checked off the box for "Yes" in YOUR
18 | job application, referenced in Request for Admission No. 2 above, in response to
19 | the following question: "Would you be willing to submit to a background check,
20 | prior to being hired?" For your ease of reference, please refer to Page 2 in **Exhibit**
21 | **A.**

22 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 12.**

23 |      Objection. Responding Party incorporates the General Objections as though
24 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
25 | the objections, Responding Party Responds:

26 |      ADMIT.

27 |      Discovery is continuing and the Responding Party reserves the right to
28 | supplement this response.

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE INC.'S REQUESTS FOR ADMISSION, SET ONE**

1 **REQUEST FOR ADMISSION NO. 13:**

2      Admit that, on June 21, 2018, YOU certified that all information provided in

3 YOUR job application, referenced in Request for Admission No. 2 above, was true

4 and complete.  For your ease of reference, please refer to **Exhibit A.**

5 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 13.**

6      Objection. Responding Party incorporates the General Objections as though

7 fully set forth herein.  This request seeks irrelevant information.  Notwithstanding

8 the objections, Responding Party Responds:

9      ADMIT.

10      Discovery is continuing and the Responding Party reserves the right to

11 supplement this response.

12 **REQUEST FOR ADMISSION NO. 14:**

13      Admit that, on June 21, 2018, YOU filled out an electronic "Fair Credit

14 Reporting Act (FCRA) Consent" (hereinafter, "FCRA consent form").  For your

15 ease of reference, attached please find a copy of your FCRA consent form as

16 **Exhibit B.**

17 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 14.**

18      Objection. Responding Party incorporates the General Objections as though

19 fully set forth herein.  Notwithstanding the objections, Responding Party Responds:

20      ADMIT.

21      Discovery is continuing and the Responding Party reserves the right to

22 supplement this response.

23 **REQUEST FOR ADMISSION NO. 15:**

24      Admit that, on June 21, 2018, YOU signed an FCRA consent form,

25 referenced in Request for Admission No. 14 above.  For your ease of reference,

26 please refer to **Exhibit B.**

27 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 15.**

28      Objection. Responding Party incorporates the General Objections as though

12

1  fully set forth herein.  Notwithstanding the objections, Responding Party Responds:

2       ADMIT.

3       Discovery is continuing and the Responding Party reserves the right to

4  supplement this response.

5  **REQUEST FOR ADMISSION NO. 16:**

6       Admit that, on June 21, 2018, YOU entered YOUR residential address into

7  your FCRA consent form, referenced in Request for Admission No. 14 above.  For

8  your ease of reference, please refer to **Exhibit B.**

9  **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 16.**

10      Objection. Responding Party incorporates the General Objections as though

11 fully set forth herein.  This request seeks irrelevant information.  Notwithstanding

12 the objections, Responding Party Responds:

13      ADMIT.

14      Discovery is continuing and the Responding Party reserves the right to

15 supplement this response.

16 **REQUEST FOR ADMISSION NO. 17:**

17      Admit that, on June 21, 2018, YOU checked off a box in YOUR FCRA

18 consent form, referenced in Request for Admission No. 14 above, requesting a copy

19 of your background check report. For your ease of reference, please refer to **Exhibit**

20 **B.**

21 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 17.**

22      Objection. Responding Party incorporates the General Objections as though

23 fully set forth herein.  Notwithstanding the objections, Responding Party Responds:

24      ADMIT.

25      Discovery is continuing and the Responding Party reserves the right to

26 supplement this response.

27 **REQUEST FOR ADMISSION NO. 18:**

28      Admit that, on June 25, 2018, YOU interviewed for a position with

13

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE**
**INC.'S REQUESTS FOR ADMISSION, SET ONE**

1 | Defendant.

2 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 18.**

3 | Objection. Responding Party incorporates the General Objections as though
4 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
5 | the objections, Responding Party Responds:

6 | ADMIT.  *See e.g.*, Limon 021.

7 | Discovery is continuing and the Responding Party reserves the right to
8 | supplement this response.

9 | **REQUEST FOR ADMISSION NO. 19:**

10 | Admit that, on June 26, 2018, Defendant extended an offer of employment
11 | to YOU.

12 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 19.**

13 | Objection. Responding Party incorporates the General Objections as though
14 | fully set forth herein.  This request seeks irrelevant information.  Notwithstanding
15 | the objections, Responding Party Responds:

16 | ADMIT.  *See e.g.*, Limon 021.

17 | Discovery is continuing and the Responding Party reserves the right to
18 | supplement this response.

19 | **REQUEST FOR ADMISSION NO. 20:**

20 | Admit that, on June 28, 2018, YOU electronically confirmed and signed
21 | Defendant's authorization for direct deposit (the "direct deposit authorization
22 | form").  For your ease of reference, attached please find a copy of your direct
23 | deposit authorization form as **Exhibit C.**

24 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 20.**

25 | Objection. Responding Party incorporates the General Objections as though
26 | fully set forth herein.  This request seeks irrelevant information that may infringe
27 | on Plaintiff's right to privacy.  Notwithstanding the objections, Responding Party
28 | Responds:

14

1   ADMIT.

2   Discovery is continuing and the Responding Party reserves the right to
3   supplement this response.

4   **REQUEST FOR ADMISSION NO. 21:**

5   Admit that, on July 1, 2018, YOU electronically filled out and signed a
6   "Beneficiary Form – Life Insurance" form (the "life insurance form").  For your
7   ease of reference, attached please find a copy of your life insurance as **Exhibit D.**

8   **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 21.**

9   Objection. Responding Party incorporates the General Objections as though
10  fully set forth herein.  This request seeks irrelevant information that may infringe
11  on Plaintiff's right to privacy.  Notwithstanding the objections, Responding Party
12  Responds:

13  ADMIT.

14  Discovery is continuing and the Responding Party reserves the right to
15  supplement this response.

16  **REQUEST FOR ADMISSION NO. 22:**

17  Admit that, in the life insurance form referenced in Request for Admission
18  No. 21 above, YOU designated Claudia N. Limon as your primary beneficiary.  For
19  your ease of reference, please refer to **Exhibit D.**

20  **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 22.**

21  Objection. Responding Party incorporates the General Objections as though
22  fully set forth herein.  This request seeks irrelevant information that may infringe
23  on Plaintiff's right to privacy.  Notwithstanding the objections, Responding Party
24  Responds:

25  ADMIT.

26  Discovery is continuing and the Responding Party reserves the right to
27  supplement this response.

28  ///

15

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE
INC.'S REQUESTS FOR ADMISSION, SET ONE**

1 | **REQUEST FOR ADMISSION NO. 23:**

2 |     Admit that, on July 1, 2018, YOU filled out an "Employment Eligibility

3 | Verification, also known as a Form I-9, in connection with YOUR employment

4 | with Defendant.  For your ease of reference, attached please find a copy of your

5 | Employment Eligibility Verification form as **Exhibit E.**

6 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 23.**

7 |     Objection. Responding Party incorporates the General Objections as though

8 | fully set forth herein.  This request seeks irrelevant information and may infringe

9 | on Plaintiff's right to privacy.  Notwithstanding the objections, Responding Party

10 | Responds:

11 |     ADMIT.

12 |     Discovery is continuing and the Responding Party reserves the right to

13 | supplement this response.

14 | **REQUEST FOR ADMISSION NO. 24:**

15 |     Admit that, on July 1, 2018, YOU confirmed understanding of, and

16 | electronically signed, Defendant's "Notice to Employee – Labor Code section

17 | 2810.5."  For your ease of reference, attached please find a copy of your

18 | Employment Eligibility Verification form as **Exhibit F.**

19 | **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 24.**

20 |     Objection. Responding Party incorporates the General Objections as though

21 | fully set forth herein.  This request seeks irrelevant information.  Responding Party

22 | objects because the document labeled "Notice to Employee – Labor Code section

23 | 2810.5" is not labeled "Exhibit F" in Defendant's Requests for Admission.

24 | Notwithstanding the objections, Responding Party Responds:

25 |     ADMIT.

26 |     Discovery is continuing and the Responding Party reserves the right to

27 | supplement this response.

28 | ///

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE
INC.'S REQUESTS FOR ADMISSION, SET ONE**

1 YOUR employment with Defendant.  For your ease of reference, attached please
2 find a copy of your Form W-4 as **Exhibit G.**

3 **RESPONSE TO REQUESTS FOR ADMISSIONS NO. 25.**

4       Objection. Responding Party incorporates the General Objections as though
5 fully set forth herein.  This request seeks irrelevant information that infringes on
6 Plaintiff's right to privacy.  Notwithstanding the objections, Responding Party
7 Responds:

8       ADMIT.

9       Discovery is continuing and the Responding Party reserves the right to
10 supplement this response.

11

12 DATED: July 24, 2019              KINGSLEY & KINGSLEY, APC

13

14                     By: _____
15                        Justin M. Aufderhar
                       Attorney for Plaintiff ERNESTO LIMON
16                        and the Proposed Class

17

18

19

20

21

22

23

24

25

26

27

28

17

---

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE
INC.'S REQUESTS FOR ADMISSION, SET ONE**

DocuSign Envelope ID: C97CE76A-E733-41E4-9FAF-CEF1FBB31784

1

## (VERIFICATION—446 and 2015.5 C.C.P.)

2

3     I am the _____ **PLAINTIFF** _____ in the above entitled action or

4    proceeding; I have read the foregoing:

5     **PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT**

6    **CIRCLE K STORE INC.'S REQUESTS FOR ADMISSION, SET ONE**

7     I know the contents thereof, and I certify that the same is true of my own

8    knowledge, except as to those matters which are therein stated upon my information

9    or belief, and as to those matters I believe it to be true.

10     I declare, under penalty of perjury under the laws of the United States of

11    America that the foregoing is true and correct.

12

13    Executed on ___July 23, 2019___, at ___Modesto___, California.

            *(Date)*                          *(City)*

14

15    ___Ernesto Limon___                ___Ernesto Limon___

16    *Type or Print Name*                *Signature*

17

18

19

20

21

22

23

24

25

26

27

28

---

**VERIFICATION**

1

## (VERIFICACIÓN—446 and 2015.5 C.C.P.)

2

3    Yo soy el _____**DEMANDANTE**_____ en la acción o proceso judicial

4    arriba mencionado; yo he revisado lo siguiente:

5    **LAS RESPUESTAS VERIFICADO DEL DEMANDANTE ERNESTO**

6    **LIMON A LA SOLICITUD DE ADMISIÓN DEL DEMANDADO CIRCLE**

7    **K STORE INC., GRUPO UNO**

8        Yo sé el contenido de esto, y certifico que lo mismo es verdadero y correcto

9    de mi propio conocimiento, excepto aquellos asuntos que he declarado basado en

10    mi información o creencia, y a esos asuntos yo creo que es verdadero.

11        Yo declaro, bajo pena de perjurio bajo las leyes del Estados Unidos de

12    América que lo precedente es verdadero y correcto.

13

14    Ejecutado el ___July 23, 2019___, en ___Modesto___, California.

15                          *(Fecha)*                    *(Ciudad)*

16    Ernesto Limon                              Ernesto Limon

17    *Escriba a máquina o imprima nombre*      *Firma*

18

19

20

21

22

23

24

25

26

27

28

**VERIFICACIÓN**

**(PROOF OF SERVICE BY MAIL – 1013a, 2015.5 C.C.P.)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county aforesaid, State of California.  I am over the age of eighteen years and not a party to the within entitled action.; my business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On July 24, 2019, I served the foregoing documents described as:

**PLAINTIFF ERNESTO LIMON'S RESPONSES TO DEFENDANT CIRCLE K STORE INC.'S REQUESTS FOR ADMISSION, SET ONE**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Maria C. Rodriguez, Esq. | Emil Davtyan, Esq. |
| mcrodriguez@mwe.com | emil@davtyanlaw.com |
| Marjorie C. Soto, Esq. | **DAVTYAN PROFESSIONAL** |
| mcsoto@mwe.com | **LAW CORPORATION** |
| **MCDERMOTT WILL &** | 5959 Topanga Canyon Blvd. |
| **EMERY LLP** | Suite 130 |
| 2049 Century Park East, Suite 3200 | Woodland Hills, CA 91367 |
| Los Angeles, CA 90067-3206 | |

**[XX]  (BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX]  (BY EMAIL OR ELECTRONIC TRANSMISSION)** I caused the document to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]  (FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 24, 2019, at Encino, California.

_____
Cristina Terrazas

1

**PROOF OF SERVICE**