UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIMON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:16-cv-00219-DAD-SKO<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO STAY ALL PROCEEDINGS, OR IN THE ALTERNATIVE, TO CONTINUE HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 28) |

This matter is before the Court on Plaintiff Ernesto Limon's ex parte application to stay proceedings in this action or, in the alternative, continue the hearing on Defendant Circle K Stores, Inc.'s motion for summary judgment.[1] (Doc. 28.) Defendant filed its opposition to the ex parte

---

[1] Plaintiff also filed a Request for Judicial Notice in Support of its Ex Parte Application ("Request for Judicial Notice"). (Doc. 29.) Grants of judicial notice are a matter of judicial discretion. *See United States v. Nat. Med. Enters., Inc*., 792 F.2d 906, 912 (9th Cir. 1994). The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A*., 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *see also Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994); *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1198 (9th Cir. 1988). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Plaintiff requests judicial notice of the Ninth Circuit Court of Appeals calendar for oral argument for December 9, 2019 (found online at

1

application on November 27, 2019. (Doc. 31.) Having considered the parties' briefing, and for the reasons set forth below, the Court will deny the ex parte application to stay and alternatively to continue the hearing.

## I. BACKGROUND

### A. Factual Background

According to his complaint, Plaintiff applied to work for and was hired by Defendant. (Doc. 1. ("Compl.") ¶¶ 23, 26.) In connection with application, Plaintiff was required to fill out Defendant's standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience. (Compl. ¶ 23.) Plaintiff alleges he was confused by the standard disclosure and authorization form document, which contained extraneous information, and did not understand that Defendant would be requesting a consumer report. (*Id.* ¶ 24.) He alleges that Defendant nevertheless subsequently obtained such a report. (*Id.* ¶ 26.) Seeking to represent a class of similarly situated applicants, Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA") for failure to provide proper disclosure that a consumer report may be obtained in violation of 15 U.S.C. § 1681b(b)(2)(A)(i), Compl. ¶¶ 51–56, and for failure to obtain proper authorization to obtain such a report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii), Compl. ¶¶ 57–62. Plaintiff contends that Defendant's purported violations were willful and that he and the putative class are therefore entitled to statutory damages under 15 U.S.C. § 1681n. (Compl. ¶¶ 33, 37, 53, 59, 60.)

### B. Defendant's Motion for Summary Judgment

On November 14, 2019, the parties stipulated to continue the class certification discovery and motion deadlines set in the case by sixty days (the "Stipulation"). (Doc. 25.) The basis of the Stipulation was "to allow the Court to rule" on Defendant's anticipated motion for summary judgment, which Defendant had informed Plaintiff would be "scheduled to be heard on December 18, 2019, or shortly thereafter pursuant to the Court's availability." (*Id.* at 2.) The Court granted the Stipulation on November 18, 2019. (Doc. 26.)

---

https://www.ca9.uscourts.gov/calendar/view.php?caseno=18-56209), as well as various courts documents filed in the Ninth Circuit. *See* Request for Judicial Notice Exs. 1–4. Since these are public records and court documents properly subject to judicial notice, the Court hereby GRANTS Plaintiff's request (Doc. 29).

2

Defendant filed its motion for summary judgment on November 20, 2019 and set it for hearing on December 18, 2019. (Doc. 27.) One of the grounds for summary judgment advanced in Defendant's motion is that Plaintiff lacks standing to pursue his FCRA claims, citing, among other cases, the district court's decision in *Ruiz v. Shamrock Foods Co*., Case No. 2:17–cv–06017–SVW–AFM, 2018 WL 5099509 (C.D. Cal. Aug. 22, 2018).

**C.     Ruiz v. Shamrock Foods Co.**

In *Ruiz v. Shamrock Foods Co.*, three plaintiffs filed a putative class action claiming their employer violated the FCRA because the disclosure and authorization form used by their employer to procure consumer reports contained a liability waiver and was confusing. 2018 WL 5099509, at *1.

One of the plaintiffs testified during discovery that there was no portion of the disclosure and authorization form he signed that he did not understand. *Id*. at *2. The other two plaintiffs stated that they did not read the disclosure language in the form before signing. *Id*. at *2–3. All three plaintiffs testified that they were fully aware that their employer would be procuring background checks on them. *Id*. at *5.

The employer filed a motion for summary judgment on grounds that the plaintiffs lacked standing to bring their FCRA claims. *Id*. at *1, 3. The district court agreed and granted summary judgment in favor of the employer, finding that the plaintiffs "failed to demonstrate that they suffered a concrete injury sufficient to satisfy Article III standing requirements." *Id*. at *3. As the district court explained, to establish such a concrete injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that "actually exist[s]" in the world; there must be an injury that is "real" and not "abstract" or merely "procedural." *Id*. at *4 (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548–49 (2016)).

The district court held that "[t]o the extent that Plaintiffs claim that the disclosure and authorization forms did not technically comply with the requirements of the FCRA, this is the type of bare procedural violation that the Supreme Court described in as insufficient." *Id*. (citing *Spokeo*, 136 S.Ct. at 1540). It found that the plaintiffs could not, based on the facts adduced during discovery, "assert that they were confused by the disclosure and authorization form or that they

3

were otherwise concretely harmed by the alleged stand-alone disclosure violation," and that they further lacked "facts to allow the Court to make an inference that they were confused by the inclusion of a liability waiver with the disclosure or would not have signed the authorization form had it contained a sufficiently clear disclosure." *Id.* at *5. The district court concluded:

> [A]t the summary judgment stage, Plaintiffs must produce evidence demonstrating standing. These Plaintiffs have not. Plaintiffs did not suffer any concrete harm because of the allege [sic] FCRA informational violation. Plaintiffs have not shown that they were confused by the third-party liability waiver or would not have signed the FCRA Disclosure Forms had they not contained that waiver language. There is no genuine dispute of material fact concerning whether Plaintiffs have standing to pursue their FCRA claim. The named Plaintiffs lack standing and the Court GRANTS Defendant's Motion for Summary Judgment on standing grounds

*Id.* at *6.

The district court's grant of summary judgment in *Ruiz* is currently on appeal before the Ninth Circuit Court of Appeals. (*See* Doc. 29, Request for Judicial Notice Exs. 1–4.) All of the briefing in that case has concluded, and oral argument is scheduled for December 9, 2019. (*See id.*)

**D.  Plaintiff's Ex Parte Application**

On November 26, 2019, Plaintiff filed the instant ex parte to stay proceedings in this case, pending the outcome in *Ruiz*, contending that resolution of the issues in that case will directly affect the determination of Defendant's motion for summary judgment. (*See* Doc. 28 at 4.) Plaintiff alternatively seeks a continuance of the December 18, 2019 hearing date on Defendant's motion for summary judgment due to Plaintiff's counsel's "pre-planned holiday travel." (*See id.*) That same day, the Court directed Defendant to file any opposition to the ex parte application by November 27, 2019. (Doc. 30.) Defendant's opposition was filed November 27, 2019. (Doc. 31.)

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings

and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (Breyer, J., dissenting) (quoting *Landis*, 299 U.S. at 254)). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255. In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

### III. DISCUSSION

**A.    Ex Parte Application to Stay**

The Court begins its analysis by inquiring whether there is "a fair possibility that [a] stay . . . will work damage" to the non-moving party. *Landis*, 299 U.S. at 255. Here, the court agrees with Plaintiff that a short stay in this action will likely result in little damage, if any, to Defendant. Thus, this factor weighs slightly in favor of a stay.

Next, the Court looks to whether there is a benefit to "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. In its motion, Plaintiff principally relies on the contention that Defendant's standing analysis in its motion for summary judgment "is founded upon and identical to the issue on appeal" in *Ruiz*, such that a decision in *Ruiz* "would either render Defendant's [motion for summary judgment] moot or likely cause the [motion] to go

unopposed by Plaintiff." (*See* Doc. 28 at 10–11.) Plaintiff frames the "identical" and "unsettled" issue on appeal in *Ruiz* as "whether a concrete injury under *Spokeo* to satisfy Article III standing can be proven by Plaintiff's confusion when Defendant's disclosure and authorization forms included extraneous information, even if he was generally aware that a background check could be run by Defendant sufficient." (*Id*. at 4, 10.)

The issue of "whether a concrete injury under *Spokeo* to satisfy Article III standing can be proven by a plaintiff's confusion" is not, however, unsettled in *Ruiz*. Implicit in the district court's decision is that evidence of a plaintiff's confusion <u>could</u> establish a concrete injury in a FCRA case under *Spokeo*. *Ruiz,* 2018 WL 5099509, at *5. Yet, the court held in *Ruiz* that the plaintiffs' evidence was insufficient to show that they were confused by the disclosure and authorization form or that they were otherwise concretely harmed by the alleged disclosure violation. *Id*. Contrary to Plaintiff's characterization, the question of whether evidence of a plaintiff's confusion could constitute a concrete injury under *Spokeo* for purposes of demonstrating standing to bring FCRA claims is not on appeal in *Ruiz*; rather, the appealed issue is whether the plaintiffs' proffered evidence of confusion was sufficient to show a concrete injury, which is a case-specific inquiry. (*See* Doc. 29, Request for Judicial Notice, Ex. 2 at 43–44.) Thus, while it is possible that the Ninth Circuit's ruling in *Ruiz* will affect the determination of Defendant's motion for summary judgment, Plaintiff has not shown that it is certain (or even likely) that it will. *See Cryer v. Franklin Res*., Inc., Case No. 16-cv-04265-CW, 2018 WL 3408138, at *1 (N.D. Cal. July 5, 2018) (denying motion to stay). The Court concludes that at this stage, a stay would provide little benefit to the orderly course of justice.

Finally, the Court must examine whether Plaintiff has made out "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254–55. In moving for a stay of this action, Plaintiff principally argues that if a stay is not granted, he "will have to expend resources opposing the motion for summary judgment, and if judgment was granted, pursuing an appeal that may ultimately then be remanded if the Ninth Circuit rules inconsistently in [*Ruiz*]." However, given that the issue on appeal in *Ruiz* is case-specific, Plaintiff has shown little potential risk of inconsistency in this case. Moreover, where Plaintiff has not identified any particular harm beyond

the cost of litigating this action, the Ninth Circuit has held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

As for Plaintiff's contention that without a stay he is at a "severe advantage" to oppose Defendant's motion for summary judgment because Defendant refuses to permit Plaintiff to depose its corporate representative until after the Court rules on the motion (Doc. 28 at 13), Plaintiff does not explain how a stay would alleviate such disadvantage. Furthermore, Plaintiff has failed to articulate, much less demonstrate, how the deposition is "essential to justify [his] opposition" to the motion for summary judgment. *See* Fed. R. Civ. P. 56(d). *See also Universal Trading & Inv. Co. v. Kiritchenko*, No. C 99 3073 MMC, 2006 WL 515625, at *2 (N.D. Cal. Feb. 28, 2006) (Under Rule 56(d), a party "must identify the specific, relevant evidence that he needs, and make clear how that information would preclude summary judgment.").

Indeed, Plaintiff was on notice as of November 12, 2019, that Defendant intended to move for summary judgment, yet Plaintiff made no mention of the need for Defendant's deposition in the parties' Stipulation to continue the case schedule in view of the impending motion. (*See* Doc. 25 at 2.) Plaintiff also has not shown diligence in pursuing Defendant's deposition: although the deposition was "unilaterally cancelled" on November 1, Plaintiff did not raise the issue with the Court until over three weeks later, and only then in connection with the present motion to stay. *See Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999) (party seeking continuance under Rule 56(d) must also show that it diligently pursued its previous discovery opportunities—if any.).

Accordingly, consideration of this factor weighs against the imposition of a stay.

**B.     Request for Continuance of Hearing on Defendant's Motion for Summary Judgment**

Plaintiff alternatively requests that the Court continue the hearing on Defendant's motion for summary judgment set for December 18, 2019, because Plaintiff's counsel is unavailable due to "pre-planned holiday travel" and that "the preparation of its opposing papers would fall over the Thanksgiving holiday." (Doc. 28 at 4, 16.) As set forth above, Plaintiff has not met her burden under Rule 56(d) of demonstrating entitlement to a continuance of the hearing. *See Universal*

*Trading & Inv. Co.*, 2006 WL 515625, at *2 ("A motion for a continuance of the hearing on a motion for summary judgment is governed by Rule 56(f) of the Federal Rules of Civil Procedure."). Plaintiff was made aware as early as November 12 that Defendant intended to file a motion for summary judgment for hearing on December 18. (Doc. 25 at 2.) Plaintiff did not object to that hearing date, and in fact, two days later, signed a Stipulation to continue the case schedule that was predicated on the motion being heard on that date. (*See id*.) Plaintiff also did not diligently pursue the deposition of Defendant's corporate representative when notified of its cancellation on November 1. Accordingly, the Court finds Plaintiff has not set forth good cause for continuing the hearing on Defendant's motion for summary judgment.

## IV. CONCLUSION

Accordingly, Plaintiff's ex parte application to stay proceedings in this action or, in the alternative, continue the hearing on Defendant's motion for summary judgment (Doc. 28) is DENIED.[2]

IT IS SO ORDERED.

Dated: __**December 2, 2019**__            /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] As the Court does not find that Plaintiff's ex parte application was filed in bad faith or for the purposes of harassment, it declines to award attorney's fees to Defendant pursuant to 15 U.S.C. 1681n(c). (*See* Doc. 31.)