# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIMON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC.; and DOES 1 thru 50, inclusive,<br><br>Defendants.<br>_____/ | Case No. 1:18-cv-01689-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 39-1) |

## I. INTRODUCTION

On January 21, 2020, the parties filed another request seeking Court approval of a Stipulated Protective Order. (Doc. 39.) The Court has reviewed the "Proposed Order Granting Stipulated Protective Order" accompanying the Stipulated Protective Order (the "Proposed Order") (Doc. 39-1) and has determined that, in its current form, it cannot be entered. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to enter the Proposed Order.

## II. DISCUSSION

**A. The Proposed Order Does Not Comply with Local Rule 141.1(c)**

The Proposed Order (Doc. 39-1) does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of

information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). While the parties' Stipulated Protective Order (Doc. 39) contains this information, the Proposed Order to be entered by the Court (Doc. 39-1) does not.

The Proposed Order fails to identify the parties' need for protection in anything but the most general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed in the Proposed Order. In its current form, the Proposed Order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."[1]

**B.     The Parties' Proposed Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.[2]

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for entry of the Proposed Order Granting Stipulated Protective Order (Doc. 39-1) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **January 22, 2020**                     /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Proposed Order also makes reference to "Civil Local Rule 79-5," which is not a local rule of this Court.
[2] Should the parties wish the Court to enter the Stipulated Protective Order (as opposed to the Proposed Order), *see* Doc. 39 at 15, they are invited to re-file that document and submit a WORD version of the document to skoorders@caed.uscourts.gov.