1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNESTO LIMON, an individual, on                No.  1:18-cv-01689-SKO
     behalf of himself and others similarly
12   situated,                                       ORDER GRANTING DEFENDANT'S
                                                     MOTION FOR RECONSIDERATION IN
13                    Plaintiff,                      PART AND GRANTING LEAVE TO
                                                     SUPPLEMENT SUMMARY JUDGMENT
14         v.                                        RECORD

15   CIRCLE K STORES INC., and DOES 1                (Doc. 53)
     through 50, inclusive,
16
                      Defendants.
17

18

19         This matter is before the Court on Defendant Circle K Stores, Inc. ("Circle K")'s motion

20   for reconsideration, filed April 20, 2020.  (Doc. 53.)  Plaintiff Ernesto Limon filed his opposition

21   to the motion on May 6, 2020 (Doc. 56), and Circle K filed its reply on May 13, 2020 (Doc. 60).

22   The Court reviewed the parties' papers and all supporting material and found the matter suitable

23   for decision without oral argument pursuant to Local Rule 230(g).  The hearing set for May 20,

24   2019, was therefore vacated.  (Doc. 62.)

25         Having considered the parties' briefing, and for the reasons set forth below, the Court shall

26   grant the motion in part and permit the parties leave to supplement the summary judgment record.

27                          I.        BACKGROUND

28         On June 21, 2018, Plaintiff applied to work for and was thereafter hired by Circle K.  (Doc.

1 ("Compl.") ¶¶ 23, 26.)  In connection with his employment application, Plaintiff was required to

fill out Circle K's standard disclosure and authorization form ("FCRA Consent Form") permitting

it to obtain a consumer report containing his credit history, criminal records, and other information,

in order to verify Plaintiff's background and experience.  (Compl. ¶ 23.)  Plaintiff alleges he was

confused by the FCRA Consent Form, which contained a release of liability for Circle K's benefit,

and that he did not understand that Circle K would be requesting a consumer report.  (Compl. ¶ 24.)

He alleges that Circle K nevertheless subsequently obtained such a report.  (Compl. ¶ 26.)

Seeking to represent a class of similarly situated applicants, Plaintiff brings claims under

the Fair Credit Reporting Act ("FCRA") for failure to provide proper disclosure that a consumer

report may be obtained, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) (Compl. ¶¶ 51–56), and for

failure to obtain proper authorization to obtain such a report, in violation of 15 U.S.C. §

1681b(b)(2)(A)(ii) (Compl. ¶¶ 57–62).  Specifically, Plaintiff alleges that Circle K's inclusion of a

liability release in its standard disclosure and authorization form ("FCRA Consent Form") violated

the statutory requirement that the disclosure document consist "solely" of the disclosure, which

thereby rendered his written authorization invalid, Compl. ¶¶ 21–22, 25–24.  *See* 15 U.S.C. §§

1681b(b)(2)(A)(i), (ii).  Plaintiff seeks to assert these claims on behalf of a proposed class defined

as:

> all persons in the United States who filled out Defendant's standard "Fair Credit
> Reporting Act (FCRA) Consent" form that included an authorization and a liability
> release clause at any time during the period beginning five (5) years prior to the
> filing of this Complaint to a date determined by the Court.

(Compl. ¶ 35.)  Plaintiff further contends that Circle K's purported violations were willful and

that he and the putative class are therefore entitled to statutory and punitive damages under 15

U.S.C. § 1681n(a)(1)(A).  (*Id.* ¶¶ 33, 37, 53, 59, 60.)  He also requests attorney's fees and costs

under the statute.  (*Id.* ¶¶ 21–22, 56, 62.)

On November 20, 2019, Circle K filed a motion for summary judgment, or in the alternative,

partial summary judgment, contending that Plaintiff could not establish Article III standing, that

Circle K's alleged statutory violations were not willful as a matter of law, and that Plaintiff could

1   not prevail on his second FCRA claim because he provided Circle K a signed written authorization.

2   (Doc. 27.)  The Court denied Circle K's motion for summary judgment on January 10, 2020.  (Doc.

3   36.)  It is this order that Circle K asks the Court to reconsider.

4   **II.      STANDARD FOR A MOTION FOR RECONSIDERATION**

5          Circle K moves for reconsideration under Federal Rule of Civil Procedure 60(b)(6) and the

6   Court's inherent power to reconsider and modify its interlocutory orders.  (*See* Doc. 53-1 at 4.)  The

7   Court observes as a preliminary matter that Rule 60(b)(6) relates to the modification of a *final*

8   judgment, order, or proceeding.   *See* Fed. R. Civ. P. 60(b)(6); *Balla v. Idaho State Bd. of*

9   *Corrections*, 869 F.2d 461, 466 (9th Cir. 1989).   An order denying summary judgment, of which

10  Circle K seeks reconsideration here, is not a final order and therefore is not subject to Rule 60(b)(6).

11  *See Senza–Gel Corp. v. Seiffhart*, 803 F.2d 661, 669 (Fed. Cir. 1986) ("A denial of summary

12  judgment is not only not a 'final judgment,' and not appealable, it is not a judgment at all.") (citation

13  omitted); *IV Sols., Inc. v. Connecticut Gen. Life Ins. Co*., No. CV 13-9026-GW(AJWx), 2016 WL

14  7888011, at *2 (C.D. Cal. Dec. 5, 2016) (order denying summary judgment is "interlocutory,

15  meaning that it is not subject to Rules 59 or 60, though still within the Court's inherent authority to

16  consider . . . .").   Therefore, to the extent that Circle K seeks reconsideration of the Court's January

17  10, 2020 order, its motion must rest on the Court's inherent power to reconsider, rescind, or modify

18  its interlocutory orders.   *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885

19  (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order

20  is derived from the common law, not from the Federal Rules of Civil Procedure."); *Balla*, 869 F.2d

21  at 465 ("Courts have inherent power to modify their interlocutory orders before entering a final

22  judgment"); *Andrews Farms v. Calcot, Ltd*., 693 F. Supp. 2d 1154, 1165 (E.D. Cal. 2010) ("The

23  denial of a summary judgment motion . . . is an interlocutory, unappealable order that can be

24  reviewed by the district court at any time before final judgment is entered.").

25         A district court may reconsider and reverse a previous interlocutory decision for any reason

26  it deems sufficient, even in the absence of new evidence or an intervening change in or clarification

27  of controlling law.  *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal.

28  2000).   Nevertheless, a court should generally leave a previous decision undisturbed absent a

showing of clear error or manifest injustice.  *Id.*  Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs.  *See Kona Enters. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000).  Nor is it a mechanism for the parties "to ask the court to rethink what the court has already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters.*, 229 F.3d at 890.  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  *See also* E.D. Cal. Local Rule 230(j).

## III.     ANALYSIS

Circle K contends that *Ruiz v. Shamrock Foods Co.*, — F. App'x —, 2020 WL 1320953 (9th Cir. Mar. 20, 2020) (unpublished), a Ninth Circuit case decided three months after the Court denied the motion for summary judgment, clarified that, in order to demonstrate that they suffered a concrete injury sufficient to confer Article III standing as defined in *Syed v. M-I-, LLC*, 853 F.3d 492 (9th Cir. 2017), a plaintiff bringing an FCRA stand-alone disclosure claim must produce admissible evidence establishing (1) that they were confused by the inclusion of the liability waiver on Circle K's FCRA Consent Form <u>and</u> (2) they "would not have signed it had it contained a sufficiently clear disclosure."  (Doc. 53-1 at 2.)  Plaintiff counters (Doc. 57 at 7–8) that because *Ruiz* is unpublished and therefore not precedential, it cannot constitute a change in controlling law. *See generally* Ninth Circuit Rule 36–3(a) ("Unpublished dispositions and orders of this Court are not precedent . . . .").  Nevertheless, because the decision has "persuasive value and indicate[s] how the Ninth Circuit applies binding authority," the Court will consider it.  *Irving v. Lennar Corp.*, No. 2:12–CV–0290 KJM EFB, 2014 WL 1573552, at *3 (E.D. Cal. Apr. 17, 2014) (quoting *Nogales v. Beard*, Civil No. 11cv2146–BTM (BLM), 2013 WL 6419259, at *9 n.2 (S.D. Cal. Dec. 9, 2013)).  Indeed, the Court, in a prior order in this case, noted the possibility that the Ninth Circuit's ruling

in *Ruiz* would affect the determination of Circle K's motion for summary judgment.  (*See* Doc. 32 at 6.)  As such, considering *Ruiz's* application of the Ninth Circuit's decision in *Syed* makes sense at this stage in light of the similarities between the two cases.  *See Irving*, 2014 WL 1573552, at *3.

In denying Circle K's motion for summary judgment, the Court found Plaintiff met the standard for Article III standing articulated in *Syed*: he had provided evidence in the form of his declaration and deposition testimony that he was confused by the liability release in Circle K's FCRA Consent form, did not understand that by signing the FCRA Consent he was authorizing Circle K to obtain his background check, and nevertheless had a background check report procured. (Doc. 36 at 10–12.)  The Court rejected Circle K's contention that, in order to demonstrate standing under *Syed*, Plaintiff must also establish, in addition to his confusion, that he would not have signed the FCRA Consent form had it omitted the liability waiver, finding it "contrary to case law" of several district courts in this Circuit.  (*Id*. at 12 (citing cases).)

In *Ruiz*, the Ninth Circuit clarified that, contrary to the cases on which this Court relied, demonstrating a concrete injury for Article III standing purposes as defined in its *Syed* decision requires not just evidence of confusion about an FCRA authorization form, but <u>also</u> evidence that a plaintiff "would not have signed [the form] had it contained a sufficiently clear disclosure." *Ruiz*, 2020 WL 1320953, at *1 (quoting *Syed*, 853 F.3d at 499).  In moving for reconsideration, Circle K contends that Plaintiff failed to submit evidence at the summary judgment stage to satisfy his burden of showing he would not have signed Circle K's FRCA Consent form, had it been clear that by signing it, he was authorizing Circle K to obtain his background check.  (Doc. 53-1 at 8.) Plaintiff does not contest this point.

After a review of the summary judgment record, and lacking any dispute by Plaintiff, the Court agrees with Circle K.  There is no evidence in the record demonstrating that Plaintiff would not have signed Circle K's FRCA Consent form had it been "sufficiently clear," *i.e.*, had it not contained the liability waiver.  Indeed, Plaintiff testified at his deposition that he indicated in Circle K's employment application (signed prior to, but on the same day as, the FRCA Consent form) he "[w]ould . . . be willing to submit to a background check."  (Doc. 33-1, Statement of Undisputed

5

1    Material Facts ("SUMF") at 4; Doc. 27-4, Deposition of Ernesto Limon ("Limon Dep.") 86:12–25

2    and Ex. 4.)  Plaintiff further testified that he understood the application informed Circle K of his

3    willingness to submit to a background check.  (SUMF at 5; Limon Dep. 87:1–7.)

4          The Court will therefore grant Circle K's motion for reconsideration insofar as it requests

5    that the Court "reexamine the MSJ denial" in light of *Ruiz's* clarification of the Article III standing

6    requirements defined in *Syed*.[1]  The results of that reexamination, however, will be deferred until

7    after the parties have been permitted to supplement the summary judgment record to address

8    whether Plaintiff can met his burden of showing he would not have signed Circle K's FCRA

9    Consent form had it not contained the liability waiver.[2]  *See Ruiz*, 2020 WL 1320953, at *1.  The

10   Court declines to find that Plaintiff has waived his opportunity to present evidence in an attempt to

11   meet this burden, particularly given that fact discovery is still ongoing.  (*See* Doc. 52 (continuing

12   discovery deadline to July 8, 2020).)  Granting the parties leave to supplement the summary

13   judgment record in light of *Ruiz* is in the interest of the "conservation of judicial resources," *Kona*

14   *Enters.*, 229 F.3d at 890, and will further prevent "manifest injustice," *Abada*, 127 F. Supp. 2d at

15   1102.  *Cf. Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) ("The denial of summary

16   judgment does not preclude a contrary later grant of summary judgment.  Consequently, allowing

17   a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and

18   inexpensive' resolution of suits.") (quoting Fed. R. Civ. P. 1).

## IV.      ORDER

20         For the foregoing reasons, the Court ORDERS as follows:

21   1.    Circle K's motion for reconsideration (Doc. 53) is GRANTED in part, insofar as it requests

22         that the Court reexamine its January 10, 2020 order (Doc. 36) denying Circle K's motion

23         for summary judgment on the issue of Article III standing in light of the Ninth Circuit's

---

[1] As Circle K merely repeats the arguments made in its summary judgment motion, the Court declines to reconsider its finding that there is sufficient evidence to show Plaintiff was confused by the liability waiver in Circle K's FCRA Consent form.  *See Taylor v Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (Granting a motion for reconsideration is not appropriate when the movant previously raised all of the arguments that are in the motion for reconsideration.).

[2] In permitting the parties to supplement the record, the Court at the same time expresses its skepticism that Plaintiff will be able at this stage to adduce competent summary judgment evidence that would not contradict his earlier deposition testimony.  *See, e.g., Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (setting forth the "sham affidavit" rule).

1  decision in *Ruiz v. Shamrock Foods Co.*, — F. App'x —, 2020 WL 1320953 (9th Cir. Mar.

2  20, 2020) (unpublished);

3  2.  The parties are GRANTED LEAVE to supplement the summary judgment record.  Within

4  fourteen (14) days of the filing of this order, Plaintiff may file a brief, not to exceed five (5)

5  pages (exclusive of exhibits), together with competent summary judgment evidence,

6  directed to the issue of whether he can meet his burden of showing, that he would not have

7  signed Circle K's FCRA Consent form had it not contained the liability waiver.  Within

8  seven (7) days of Plaintiff's filing, Circle K may file a brief in response, not to exceed five

9  (5) pages (exclusive of exhibits).  No other briefing shall be permitted; and

10  3.  A ruling on the remainder of Circle K's motion for reconsideration, insofar as it requests

11  that the Court modify its January 10, 2020 order, is DEFERRED until the close of the

12  supplemental briefing period, at which point the Court may either set a hearing or indicate

13  the matter remains under submission pursuant to Local Rule 230(g).

14

15  IT IS SO ORDERED.

16  Dated:  **May 28, 2020**                    /s/ *Sheila K. Oberto*

17  UNITED STATES MAGISTRATE JUDGE

7