UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIMON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:18-cv-01689-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RECONSIDERATION AND DISMISSING ACTION FOR LACK OF JURISDICTION<br><br>(Docs. 27, 53, 63, 64) |

### I.  BACKGROUND

Seeking to represent a class of similarly situated applicants, Plaintiff Ernesto Limon brings claims against Defendant Circle K Stores, Inc. ("Circle K"), his former employer, under the Fair Credit Reporting Act ("FCRA") for failure to provide proper disclosure that a consumer report may be obtained, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) (Doc. 1 ¶¶ 51–56), and for failure to obtain proper authorization to obtain such a report, in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) (Doc. 1 ¶¶ 57–62). Specifically, Plaintiff alleges that Circle K's inclusion of a liability release in its standard disclosure and authorization form ("FCRA Consent Form") violated the statutory requirement that the disclosure document consist "solely" of the disclosure, which thereby rendered

1

his written authorization invalid, Doc. 1 ¶¶ 21–22, 25–24. *See* 15 U.S.C. §§ 1681b(b)(2)(A)(i), (ii).

On November 20, 2019, Circle K filed a motion for summary judgment, or in the alternative, partial summary judgment, contending that Plaintiff could not establish Article III standing, that Circle K's alleged statutory violations were not willful as a matter of law, and that Plaintiff could not prevail on his second FCRA claim because he provided Circle K a signed written authorization. (Doc. 27.) The Court denied Circle K's motion for summary judgment on January 10, 2020. (Doc. 36.) In denying Circle K's motion for summary judgment, the Court found Plaintiff met the standard for Article III standing articulated in *Syed v. M-I-, LLC*, 853 F.3d 492 (9th Cir. 2017): he had provided evidence in the form of his declaration and deposition testimony that he was confused by the liability release in Circle K's FCRA Consent Form, did not understand that by signing the FCRA Consent he was authorizing Circle K to obtain his background check, and nevertheless had a background check report procured. (Doc. 36 at 10–12.) The Court rejected Circle K's contention that, to demonstrate standing under *Syed*, Plaintiff must also establish, in addition to his confusion, that he would not have signed the FCRA Consent form had it omitted the liability waiver, finding it "contrary to case law" of several district courts in this Circuit. (*Id*. at 12 (citing cases).)

On April 20, 2020, Circle K filed a motion to reconsider the Court's order denying its motion for summary judgment in light of *Ruiz v. Shamrock Foods Co*., — F. App'x —, 2020 WL 1320953 (9th Cir. Mar. 20, 2020) (unpublished), a Ninth Circuit case decided three months after the Court denied the motion for summary judgment. (*See* Doc. 53.) The *Ruiz* decision clarified that, contrary to the cases on which this Court relied, demonstrating a concrete injury for Article III standing purposes as defined in its *Syed* decision requires not just evidence of confusion about an FCRA authorization form, but <u>also</u> evidence that a plaintiff "would not have signed [the form] had it contained a sufficiently clear disclosure." *Ruiz*, 2020 WL 1320953, at *1 (quoting *Syed*, 853 F.3d at 499).

The Court reviewed the summary judgment record considering *Ruiz* and found that there was no evidence in the record demonstrating that Plaintiff would not have signed Circle K's FRCA Consent form had it been "sufficiently clear," *i.e*., had it not contained the liability waiver. (Doc. 63.) The Court therefore granted Circle K's motion for reconsideration on May 29, 2020, insofar

2

as it requested that the Court reexamine the denial of the motion for summary judgment in light of *Ruiz's* clarification of the Article III standing requirements defined in *Syed*. (*See* Doc. 63.) However, the Court deferred the results of that reexamination until after the parties had had an opportunity to supplement the summary judgment record to address whether Plaintiff could meet his burden of showing he would not have signed Circle K's FCRA Consent form had it not contained the liability waiver. (*See id.*)

On June 2, 2020, Plaintiff filed a response to the Court's order indicating that he "does not believe that it will be possible to supplement the record with evidence sufficient to establish Article III standing under the standard that the Court has adopted" and requesting dismissal for lack of jurisdiction under Article III. (Doc. 64.) Circle K filed a response in opposition to Plaintiff's request for dismissal for lack of jurisdiction, contending that "[t]his is not a matter of whether the Court lacks jurisdiction pursuant to Article III; it is a matter of whether Plaintiff lacks Article III standing because he suffered no injury." (Doc. 65.) Circle K asserts that since the matter was before the Court on a motion for summary judgment, instead of a Rule 12(b) motion, dismissal should be with prejudice. (*See id.*)

## II.     DISCUSSION

On reconsideration, and in view of Plaintiff's concession, it is undisputed that he has failed to meet Article III's injury-in-fact requirement, that summary judgment should be granted in favor of Circle K on this ground, and that the action be dismissed. The parties dispute the nature of the dismissal, however. For the reasons that follow, the Court shall dismiss this action without prejudice for lack of subject matter jurisdiction.

"Standing is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004). A basis for standing must persist at all stages of litigation. *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Lack of

standing need not be raised in a Rule 12(b)(6) motion; it can be raised on summary judgment, *see, e.g, Berrellez v. Pontoon Sols., Inc*., No. 215CV01898CASFFMX, 2016 WL 5947221, at *6 (C.D. Cal. Oct. 13, 2016), or *sua sponte* by the Court, *see, e.g*., *Dominguez v. Macy's Retail Holdings Inc.*, No. CV-16-03242-PHX-JAT, 2016 WL 7440791, at *1 (D. Ariz. Dec. 27, 2016).

Because dismissal for lack of standing is jurisdictional, and not an adjudication on the merits, it is typically without prejudice. *See Plastronics Socket Partners Ltd. v. HighRel Inc*., No. CV-18-03201-PHX-SMB, 2020 WL 377130, at *4 (D. Ariz. Jan. 23, 2020) (citing *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) (discussing that because dismissal for lack of standing is not an adjudication on the merits, it should usually be without prejudice)). Ninth Circuit case law provides that where, as here, a plaintiff has not suffered a concrete injury in fact sufficient to confer Article III standing, a district court should enter an order of dismissal without prejudice. *See Hogue v. Silver State Sch. Credit Union*, No. 18-15204, 2020 WL 2537007, at *2 (9th Cir. May 19, 2020) (unpublished); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (directing the district court to grant the defendant's motion for summary judgment and dismiss the case without prejudice because the plaintiff lacked Article III standing). *See also Kramer v. Ray Klein, Inc*., Case No. 3:17-cv-00496-SB, 2019 WL 7756339, at *4 (D. Or. Dec. 10, 2019), *report and recommendation adopted*, Case No. 3:17-cv-00496-SB, 2020 WL 423380 (D. Or. Jan. 24, 2020); *Pitre v. Wal-Mart Stores, Inc*., Case No. SA CV 17-01281-DOC-DFMx, 2019 WL 5294397, at *4 (C.D. Cal. Oct. 18, 2019) (decertifying class and remanding FCRA action to state court where the plaintiff lacked standing under Article III). Circle K cites no case law, and the Court sees no reason, to justify departing from this prevailing legal authority.[1]

### III.     ORDER

For the reasons set forth above, the Court ORDERS as follows:

1. The remainder of Circle K's motion for reconsideration (Doc. 53) is GRANTED;

---

[1] The fact that, according to Circle K, Plaintiff may thereafter pursue a similar action in state court does not alter this analysis, as at least one district court, in dismissing FCRA actions without prejudice for lack of Article III standing, contemplated just that. *See Case v. Hertz Corp*., No. 15-CV-02707-BLF, 2016 WL 6835086, at *5 (N.D. Cal. Nov. 21, 2016 (dismissing FCRA complaint "without prejudice to refiling this action in state court," noting that "the parties agree[] that where a federal court lacks subject matter jurisdiction over an action due to lack of Article III standing, dismissal without prejudice is appropriate."); *Nokchan v. Lyft, Inc*., No. 15-CV-03008-JCS, 2016 WL 5815287, at *9 (N.D. Cal. Oct. 5, 2016) (same).

2. On reconsideration, Circle K's motion for summary judgment (Doc. 27) is GRANTED on grounds that Plaintiff lacks standing under Article III of the U.S. Constitution;

3. The portion of the Court's January 10, 2020 order finding Plaintiff established Article III standing (Doc. 36 at 6–13) is VACATED;

4. In the absence of Article III standing, this Court lacks subject matter jurisdiction over Plaintiff's action. Accordingly, it is DISMISSED without prejudice; and

5. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 9, 2020**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE